### OLSON *v.* CITY OF HIGHLAND PARK.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—POLICEMEN AND FIREMEN—PURPOSE OF STATUTE.

The purpose of the municipal police and fire department civil service act is to provide a civil service system based upon examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion of all officers and men (CL 1948 and CLS 1954, § 38.501 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur, Civil Service § 2.
[2] 10 Am Jur, Civil Service §§ 7, 8.
[3] 16 Am Jur, Declaratory Judgments § 67.
[3–6] Declaration of rights or declaratory judgments. 87 ALR 1205.
[4, 5] 16 Am Jur, Declaratory Judgments §§ 71–73.
[6] 14 Am Jur, Costs §§ 10, 36; 16 Am Jur, Declaratory Judgments § 75.

2. SAME—CIVIL SERVICE—POLICEMEN AND FIREMEN—AUTOMATIC IN-
DUCTION—PROBATIONERS.

Municipal police and fire department civil service act provisions
for automatic induction of employees who had served 6 months
or more and establishing probationary status for those who
had served a lesser period is construed as for the benefit of
the public service and to prevent delay, injury, or interruption
therein by reason of the enactment as to the first group and
to continue the probationers until a civil service commission
could be established and hold an examination for such pro-
bationers (CLS 1954, § 38.506).

3. DECLARATORY JUDGMENT—MUNICIPAL CORPORATIONS—PARTIES—
CIVIL SERVICE—POLICEMEN AND FIREMEN.

The trial court committed error in refusing to dismiss suit
against city for declaration of plaintiff's rights under paid
municipal police and fire department civil service act, where
city charter gave the police and fire commission general con-
trol and management of the division of police and fire service
and provided for appointments to positions in such services by
the commission and record fails to sustain any order or decree
against the city (CL 1948 and CLS 1954, § 38.501 *et seq.*).

4. SAME—MUNICIPAL CORPORATIONS—CIVIL SERVICE—ADDITIONAL RE-
LIEF.

Decree of circuit court, in suit for declaration of rights under
paid municipal police and fire department civil service act
which granted relief beyond the prayer of the bill of complaint,
is affirmed insofar as relief by way of declaration of rights
is involved, but reversed as to additional relief for which no
proceedings had been instituted under act for declaration of
rights (CL 1948, §§ 691.502, 691.503).

5. SAME—ADDITIONAL RELIEF.

Additional relief beyond that granted under the prayer in a bill
of complaint, filed pursuant to declaration of rights act, may
only be granted upon the granting of a motion made and an
order directed to the parties whose rights were determined
by the declaration to show cause why such relief should not
be granted forthwith upon reasonable notice prescribed by
the court (CL 1948, § 691.503).

6. COSTS—PUBLIC QUESTION—FAILURE OF EITHER PARTY TO PREVAIL
—DECLARATION OF RIGHTS.

No costs are allowed in suit for declaration of rights in which
neither party has prevailed and a public question is involved
(CL 1948, §§ 691.502, 691.503).

Appeal from Wayne; Murphy (George B.), J. Submitted January 3, 1956. (Docket No. 4, Calendar No. 46,628.) Decided April 2, 1956.

Bill by Fred E. Olson against City of Highland Park, a municipal corporation, Carrol Smart, Harold Moore, David Barry, Clark Varnum and Sam Saide, its police and fire commissioners, for declaration of rights under municipal civil service. Decree for plaintiff containing specific directions applicable to certain named individual employees. Defendants appeal. Affirmed as to declaration of rights, reversed and remanded as to additional relief.

*Veno E. Sacre,* for plaintiff.

*Earl B. Young,* City Attorney, and *Crawford S. Reilley,* Assistant City Attorney (*Travilla G. Daines,* of counsel), for defendants.

KELLY, J. This is an appeal by the city of Highland Park and its police and fire commissioners from a declaration of rights and decree construing the civil service act for police and fire departments,* and ordering the defendants to request that promotional examinations be conducted by the Highland Park civil service commission.

The police department was placed under the provisions of the civil service act in April, 1953, by a majority vote of the people of the city of Highland Park. Plaintiff, Fred E. Olson, was a member of the police department of Highland Park for more than 6 months when said act came into effect.

---

* PA 1935, No 78, as amended (CL 1948 and CLS 1954, § 38.501 *et seq.* [Stat Ann 1949 Rev and Stat Ann 1955 Cum Supp § 5.3351 *et seq.*]).

On January 11, 1954, plaintiff sent a written communication to the Highland Park police and fire commission, calling its attention to the fact that the commission had made certain appointments, promotions and changes in classifications of members of the department within a 6-month period immediately prior to the effective date of the adoption of the civil service act; that plaintiff had an opinion of Frank G. Millard, attorney general (No 1,700, September, 1953), that said appointments required civil service approval; that the action of the commission in failing to have such appointments passed upon by civil service had failed to accord plaintiff full rights and benefits as a member of the department. Plaintiff concluded his communication by requesting that the injustice be corrected by the commission requesting the civil service commission to conduct examinations to determine properly certified members for these positions.

While the record does not disclose what, if any, action was taken by the commission at plaintiff's request, it is a fair inference that the commission disagreed with the plaintiff's and the attorney general's interpretation of the law, and so, in order to have a judicial interpretation thereof, plaintiff filed, on June 10, 1954, his petition for a declaration of rights in the Wayne county circuit court.

It was stipulated and agreed:

"That no examinations have been held for appointments, promotions and changes in classifications in the police department since the approval of said act by the electorate of Highland Park, on April 7, 1953, to the date of filing the bill herein (June 10, 1954)."

Section 6 of the act in question provides:

"For the benefit of the public service and to prevent delay, injury, or interruption therein by reason of the enactment of this act, all persons holding a

position in the fire and/or police department, including the chief thereof, when this act takes effect, who shall have served in such position for a period of at least 6 months last past continuously, are hereby declared eligible for permanent appointment under civil service to the offices, places, positions or employments which they shall then hold, respectively, without examination or other act on their part, and not on probation; and every such person is hereby automatically adopted and inducted permanently into civil service, into such office, place, position or employment which such person then holds as completely and effectually to all intents and purposes as if such person had been permanently appointed thereto under civil service after examination and investigation: Provided, however, That any employee with less than 6 months' service shall be classed as probationer under this act." CLS 1954, § 38.506 (Stat Ann 1955 Cum Supp § 5.3356).

Defendants contend that because section 6 merely provides: "That any employee with less than 6 months' service shall be classed as probationer under this act," and makes no reference to the fact that said probationer should take the civil service examination, therefore, said probationers are not required to take the civil service examination.

The title to the act clearly discloses that it was enacted to provide a civil service system based upon "examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion of all officers and men."

The legislature made it clear in section 6 as to its reason for granting civil service status to those who had held their position for 6 months by using the words: "For the benefit of the public service and to prevent delay, injury, or interruption therein by reason of the enactment of this act." We believe that a fair interpretation of section 6 would show the legislative intent, or reason, for establishing probation-

ary status for those who had held their positions less than 6 months was that they might remain in the service until the commission to be formed could adopt its rules and methods to carry forward the purpose of the act and to provide a system based upon "examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion of all officers and men."

The intent of the legislature to bring as far as possible without exception all members of the department under the civil service regulations is disclosed by the provisions of section 7 dealing with new appointments. Section 7 reads:

"On and after the date this act takes effect, appointments to and promotions in all paid fire and/or police departments of cities, villages or municipalities of any population whatsoever shall be made only according to qualifications and fitness to be ascertained by examinations, which shall be competitive, and no person shall be appointed, reinstated, promoted or discharged as a paid member of said departments regardless of rank or position, in any fire or police department of any city, village or municipality in the State of Michigan, in any manner or by any means other than those prescribed in this act." CLS 1954, § 38.507 (Stat Ann 1955 Cum Supp § 5.3357).

This Court agrees with the interpretation given section 6 by both the trial court and the attorney general, namely: That those who were promoted within the 6-month period will be required to take an examination to hold their positions.

The trial court erred in refusing to dismiss the suit against defendant city of Highland Park. The city charter, chapter 12, § 2, provides: "The police and fire commission shall have general control and management of the divisions of police and fire service." Chapter 12, § 5, of the charter, states: "All

appointments to positions as policemen and firemen shall be made by the commission." There is nothing in the record to sustain an order or decree against defendant city of Highland Park.

The trial court erred in signing a decree providing for more relief than plaintiff prayed for in his bill of complaint and contrary to the provisions of PA 1929, No 36, §§ 2 and 3, which provide as follows:

"Declarations of rights and determinations of questions of construction, as herein provided for, may be obtained by means of ordinary proceedings at law or in equity, or by means of a petition on either the law or equity side of the court as the nature of the case may require, and where a declaration of rights is the only relief asked, the case may be noticed for early hearing as in the case of a motion." CL 1948, § 691.502 (Stat Ann § 27.502).

"Where further relief based upon a declaration of rights shall become necessary or proper after such declaration has been made, application may be made by motion to any court having jurisdiction to grant such relief, for an order directed to any party or parties whose rights have been determined by such declaration to show cause why such further relief should not be granted forthwith, upon such reasonable notice as shall be prescribed by the court in the said order." CL 1948, § 691.503 (Stat Ann § 27.503).

The decree of the court was filed on March 21, 1955. In its decree the court ordered that its opinion of March 8, 1955, be made a part of and incorporated into the decree; that the promotion of 10 members of the police force, namely, 6 sergeants, 2 lieutenants, a detective and a detective-lieutenant (all mentioned by name) are of no effect and void; that it is the duty of the city of Highland Park and the police and fire commissioners to request the civil service commission to hold examinations, and said decree concluded

with the order that said request be made in writing to the civil service commission within 30 days.

On April 7, 1955, a motion for rehearing was filed stating that since the filing of the stipulation of facts it had been ascertained by defendants that said facts were materially incorrect in that one of the commissioners named as defendant is not now and was not a member of the police commission at the time of the filing of the bill of complaint; that 3 officers named in the stipulation of facts and the decree whose appointments the court said were void, namely, Baker, Yates and Johnson, had been engaged in their particular duties and at the rank mentioned in the stipulation for many years prior to the adoption of civil service, and consequently were not actually promoted. The court denied the petition for rehearing.

As heretofore stated, the decree of the court was contrary to the provisions of PA 1929, No 36, § 3 (CL 1948, § 691.503 [Stat Ann § 27.503] ). The court should have confined its decree to the declaration of rights. The additional relief granted could only be granted on motion made and an order directed to the party, or parties, whose rights were determined by such declaration to show cause why such relief should not be granted forthwith upon such reasonable notice prescribed by the court. This mandatory provision of the statute was particularly applicable in this case because of the allegations in defendants' motion to reconsider.

The trial court's declaration of rights is affirmed. The provisions of the decree, however, beyond said declaration of rights is reversed. The case is remanded for such action as the court may deem necessary after application made for further relief and an order directed to the parties whose rights have been determined, to show cause why such further relief should not be granted.

Reversed and remanded. No costs, neither party prevailing and a public question being involved.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, CARR, and BLACK, JJ., concurred.