Richard R. ROMINE, Appellant,

v.

**CIVIL SERVICE COMMISSION OF the
CITY OF URBANDALE, IOWA,**
Appellee.

No. 54039.

Supreme Court of Iowa.

Nov. 10, 1970.

Scalise, Scism, Gentry & Brick, Des Moines, for appellant.

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

BECKER, Justice.

This case involves the narrow question of the status of a police officer who was hired on six-months probation and was so employed by the City of Urbandale when it came under the civil service system. The officer was discharged some 8½ months after initial employment. He attempted to appeal to the newly created Civil Service Commission but his appeal was dismissed for want of jurisdiction. He sought review by certiorari in the district court. After trial of the issue involved the trial court quashed the writ. We reverse.

Plaintiff was hired as a police officer effective January 1, 1968. The resolution by the council provided he was to be on probation for a period of six months. Chapter 367, Iowa Code, 1966 requires that all cities of Iowa with a population of 8000 or more shall appoint three civil service commissioners and bring itself under the chapter. Defendant City of Urbandale complied with this statute on May 31, 1968 by adoption of city ordinance No. 342. The ordinance is in substantial compliance with chapter 367.

■ On July 2, 1968 the city, by resolution, raised plaintiff's pay and extended the probationary period for an additional six months. On August 7, 1968 plaintiff took the civil service examination, passed and was certified by the Civil Service Commission. On September 18, 1968 Police Chief Wayne E. Woods discharged plaintiff allegedly for drinking beer on the job. Although this discharge was termed a "resignation" the trial court found it to be

a discharge and we agree. At issue is the right to a hearing. The propriety of the discharge is not before us.

I. Does the Commission have jurisdiction to entertain the appeal? The answer depends upon the broader question of whether plaintiff had "full civil service rights" under section 365.7, Code, 1966, which provides in pertinent part:

*"Preference by service.* Any person regularly serving in or holding any position in the police or fire department, or a non-supervisory position in any other department, which is within the scope of this chapter on [April 16, 1937] in any city, who has then five years of service in a position or positions within the scope of this chapter, shall retain his position and have full civil service rights therein.

"Persons in nonsupervisory positions, appointed without competitive examination, who have served less than five years in such position or positions on said date, shall submit to examination by the commission and if successful in passing such examination they shall retain their positions in preference to all other applicants and shall have full civil service rights therein, but if they fail to pass such examination they shall be replaced by successful applicants."

■ Section 365.7 is a "covering in" provision under which incumbents are allowed to retain their position. Whether an examination for such retention of position is required is a matter of legislative policy. Kaplan, The Law of Civil Service; 3 McQuillen, Municipal Corporations, § 12.134, pp. 561–563.

In construing a statute we search for the legislative intent as shown by what the legislature said rather than what it should or might have said. Rule 344(f), par. 13, Rules of Civil Procedure. All provisions of the section and the chapter of which it is a part, and other pertinent statutes must be considered in determining the meaning of the statute being examined. Boom-

hower v. Cerro Gordo County Board of Adjust. (Iowa 1968), 163 N.W.2d 75, 76.

■ II. Plaintiff contends he came within the terms of the statute at the time the Civil Service Act was adopted by ordinance. He was "in a nonsupervisory position", "appointed without competitive examination" and had "served for less than five years in such position". He took the examination and passed. *Ergo,* he is entitled to civil service protection.

Defendant argues plaintiff was merely a probationary employee at the time he was hired. Adoption of the statute could not change his status to a permanent employee. The officer remained on probation after the civil service ordinance was adopted. The city had the right to extend the probationary period another six months. Thus the ordinance and the statute, taken together, did· not "cover in" this police officer until one year had elapsed.

Section 365.6(2) provides: "In all other cities under any form of government, the provisions of this chapter shall apply only to members of the police and fire departments, except the following persons connected with such departments:

"a. Chiefs of police.

"b. Janitors, clerks, stenographers, secretaries.

"c. Casual employees."

■ Since probationary employees are not exempted by definition they are presumptively included. The legislative intent is expressed by omission as well as inclusion. Archer v. Board of Education, (1960) 251 Iowa 1077, 1084, 104 N.W.2d 621. Thus, plaintiff is included under the terms of the act unless he is excluded under later sections 365.7 and 365.8. We find no additional exclusions in section 365.7 and section 365.8 is not applicable to plaintiff.

III. Both sides rely on City of Des Moines v. Board of Civil Service Com'rs

227 Iowa 66, 287 N.W. 288. The case affords guidance but contains important factual differences. The employee, Johnson, was appointed sanitary engineer in April 1936. He passed the civil service examination in October 1937. He was discharged in May 1938 under chapter 289, Code, 1935, as amended by the Acts of the Forty-seventh General Assembly. The amendment in 1937 introduced the six months probation period into our civil service law for the first time.

This court held Johnson was an old employee whose hiring occurred before the six months probation period provisions became law. "The above section 7 (now section 365.8) must refer to original appointments and not to old appointees who have qualified by examination for the position held by them." (Loc. cit. 227 Iowa at page 71, 287 N.W. at page 291). The court concluded that if the position held was nonsupervisory and the examination was successfully passed, Johnson was entitled to retain his position.

■ In the City of Des Moines case the employee Johnson was not hired on probation. Defendants emphasize this distinction. They argue Johnson retained his position as a permanent employee but here plaintiff was hired as a probationer and retains only the position he formerly had. Our difficulty with the argument is twofold. First, the statute does not make such a distinction. Second, the argument fails to account for the words "and shall have full civil service rights therein." Since section 365.8 refers to probationary status and specifically denies to probationers the right to appeal to the commission, and since section 365.7 covering all previously employed persons contains no such provisions, we must conclude the position retained was no longer probationary once the examination was mandatorily given, taken and passed.

■ The significant point in City of Des Moines v. Board of Civil Service Com'rs, supra, is our refusal to extend the language

of section 365.8 to cover the employees under 365.7. The legislature simply did not provide special treatment for previously employed personnel who were on probation. In the absence of such provision they attained the same status as those who were not on probation.

IV. In handling the problems inherent in imposing a civil service system upon an existing organization the legislature made a distinction between those *regularly employed* for over five years and those in *nonsupervisory positions* for less than five years. It could have further subdivided the time element so that a built-in probationary period would result. This could easily have been accomplished by providing, as did the Michigan legislature, that all persons holding a nonsupervisory position for less than six months at the time the act became effective would be on probation for a specified period of time. Cf. Olson v. City of Highland Park, 345 Mich. 345, 76 N.W.2d 13. No such provision appears in our law. In the absence of such provision we must hold plaintiff qualified under the second paragraph of section 365.7 to (1) take the prescribed examination and (2) for retention of position and full civil service rights upon successful completion of the test.

Stated otherwise, if a third category of "covered in" employees is to be created the creation should be accomplished by the legislature.

V. The action by city council resolution adding six months to the probationary period was ineffective. The status of plaintiff was fixed by statute. When an ordinance or resolution of the city is in conflict with the statute, the statute prevails. Dennis v. Bennet (1966), 258 Iowa 664, 140 N.W.2d 123, 128.

The Commission acted illegally in holding it lacked jurisdiction. Plaintiff is entitled to a hearing. We return this matter for judgment consistent herewith.—REVERSED AND REMANDED.

MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ., concur.

STUART, LARSON and LeGRAND, JJ., dissent.

STUART, Justice (dissenting).

I respectfully dissent from the majority opinion.

"In arriving at the intention of the legislature, the subject matter, effect, consequence, and the reason and spirit of the statute must be considered, * * *." Dobrovolny v. Reinhardt (Iowa, 1970), 173 N.W.2d 837, 840.

"A statute should be given a sensible, practical, workable and logical construction and if fairly possible a construction resulting in unreasonableness as well as absurd consequences will be avoided." Krueger v. Fulton (Iowa, 1969), 169 N.W. 2d 875, 877.

Under the majority opinion a person hired on probation a day before the ordinance became effective would achieve the full civil service rights of a regular employee by passing the examination. I do not believe the legislature intended this result when it specifically provided for probationary employment for employees hired under the ordinance.

I do not believe the act requires the interpretation given it by the majority. The appellant's position at the time the ordinance became effective was as a probationary officer. If he "retains that position" he remains a probationary officer and does not become a regular officer. The "full civil service rights" to which he would be entitled would be those afforded a probationary officer under the ordinance and not those given a regular employee.

LARSON and LeGRAND, JJ., join in this dissent.