# Davies, Appellant, v. City of Pittsburgh.

*Mandamus—Power of court to enter judgment n. o. v.—Practice, C. P.—Acts of June 8, 1893, P. L. 345, and April 22, 1905, P. L. 286.*

1. The procedure established by the Act of April 22, 1905, P. L. 286, providing for entry of judgment non obstante veredicto, is applicable in mandamus proceedings, the Act of June 8, 1893, P. L. 345, having previously provided "plaintiff may demur to the return, or he may plead or traverse to all or any of the material facts therein contained; the defendant shall reply, take issue, or demur, and like proceedings shall be had as in other actions at law"; and in such case it is immaterial that plaintiff pleaded or traversed the return instead of demurring.


*Municipalities—Cities of the second class—Officers—Employee —"Confidential clerk"—Act of May 23, 1907, P. L. 206—Civil service.*

2. The term "confidential clerk" as used in the Act of May 23, 1907, P. L. 206, providing for a civil service system in cities of the second class, is not necessarily limited to such positions as involve matters of secrecy, but include those which involve trust or confidence in a person occupying a particular employment. Any relation in which one person represents another in the performance of duties involving skill, integrity and trust is a confidential one within the meaning of such term.

3. The civil service commission of cities of the second class has no authority under the Act of May 23, 1907, P. L. 206, to limit the directors's choice of the "confidential clerk" provided in the act; such employees belong in the exempt class and may be discharged by the director without cause, and without the approval of the civil service commission and a mandamus to compel the reinstatement of such an employee was properly refused.


Argued Oct. 26, 1915. Appeal, No. 183, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1914, No. 2361, on verdict for defendant non obstante veredicto in case of David D. Davies v. City of Pittsburgh, Joseph G. Armstrong, Mayor of the City of Pittsburgh; Robert Swan, Director of the Department of

Public Works, and Homer E. Leslie, F. H. Frederick and Joseph F. Joyce, Civil Service Commissioners of the City of Pittsburgh. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for writ of alternative mandamus to reinstate plaintiff as chief clerk of the department of public works of the City of Pittsburgh. Before SHAFER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff by direction of the court. The court subsequently entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment for the defendant n. o. v.

*Harry Diamond,* with him *J. B. Eichenauer,* for appellant.—A judgment non obstante veredicto cannot be properly entered in a mandamus proceeding: People v. Board of Metropolitan Police, 26 N. Y. 316.

The duties of the relator were not confidential; he was in the noncompetitive class and therefore, improperly removed: People, ex rel., Langdon, v. Dalton, 49 App. Div. 74; People, ex rel., St. Ives v. Kraft, 151 App. Div. (N. Y.) 913; 206 N. Y. 738; People, ex rel., Haefle, v. Cahill, 188 N. Y. 849; City of Chicago v. Luthardt, 191 Ill. 516; People, ex rel., Schau v. McWilliams, 185 N. Y. 92; Peters v. Adams, 56 Misc. 28 (N. Y.); Chittenden v. Wurster, 152 N. Y. 345; People v. Gardner, 33 App. Div. (N. Y.) 204; Truitt v. Philadelphia, 221 Pa. 331.

*Charles A. O'Brien,* with him *Hermann F. Ruoff,* for appellees.—The rule of the Civil Service Commission of December 11, 1913, under which relator was appointed and claimed reinstatement, was ultra vires under the Act of May 23, 1907, P. L. 206.

The position of chief clerk was confidential: Chittenden v. Wurster, 152 N. Y. 345; People, ex rel., v. Palmer,

152 N. Y. 217; Rawle v. City of Rochester, 34 Misc. 282; Peter v. Adam, 56 Misc. 29; People, ex rel., v. McWilliams, 185 N. Y. 92.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

This was a petition for mandamus against the City of Pittsburgh, the mayor, the director of the Department of Public Works and the Civil Service Commissioners of that city, to compel them to reinstate plaintiff as chief clerk in the office of the Department of Public Works. An alternative writ of mandamus was issued, defendants filed an answer which was traversed by plaintiff and on the trial of the issue thus presented, after documentary and oral evidence was offered, the court directed the jury to return a verdict for plaintiff and refused a request on part of defendants for binding instructions in their favor. Upon subsequent motion by defendants judgment non obstante veredicto was entered and from this judgment plaintiff appeals.

The first question for consideration is the power of the court to enter judgment non obstante veredicto in mandamus proceedings. This is decided against plaintiff's contention by Section 15 of the Act of June 8, 1893, P. L. 345, which provides that "plaintiff may demur to the return or he may plead to or traverse all or any of the material facts therein contained; the defendants shall reply, take issue or demur, and like proceedings shall be had as in other actions at law." By this section all questions of fact are to be decided in the same manner as other issues of fact, so that the court may be informed regarding the merits of the case for the purpose of determining whether or not mandamus should issue. There is no apparent reason why the procedure established by the Act of April 22, 1905, P. L. 286, providing for entry of judgment non obstante veredicto, should not apply here as in other cases. The act expressly relates to "the trial of any issue," which words are certainly sufficiently broad to cover an issue in mandamus proceed-

ings. It is immaterial that plaintiff pleaded to or traversed the answer instead of demurring. The question under the Act of 1905 is not confined to the legal sufficiency of the answer or any part of the pleadings, but includes the question whether the evidence presented justified a submission of the case to the jury.

The Act of May 23, 1907, P. L. 206, regulating civil service in cities of the second class, divides city employment into classified and unclassified service and as to the former provides in Section 11 that the offices, positions and employments "shall be arranged by the Civil Service Commission in four classes to be designated as the exempt class, the competitive class, the noncompetitive class and the labor class." Section 12 of the act provides, inter alia, that in the exempt class shall be included "one secretary and one confidential clerk to the mayor and one confidential clerk to the director of each executive department," and further that "in addition to the above there may be included in the exempt class other offices or positions, except laborers, for the filling of which competitive or noncompetitive examinations shall be found by the Civil Service Commission to be impracticable." From the time this act went into effect until December 11, 1913, the position of chief clerk in the several executive departments of the City of Pittsburgh was treated as being in the exempt class and as the confidential clerk to the director referred to in the above section of the Act of 1907.

In December, 1913, the commission proposed certain amendments to the civil service rules then in force in defendant city, one of which placed in the exempt class "one stenographer to the head of each executive department," with the explanation that this position was "construed to be the confidential clerk exempted in the Act of May 23, 1907." These amendments were adopted December 11, 1913, and the position of chief clerk was thereupon placed in the noncompetitive class. The new commission, which took office January 5, 1914, duly adopted

on January 21, 1914, an amendment to the rules by which the change made by the former commission respecting the position of confidential clerk was repealed, and the position of chief clerk of each department was again treated as the confidential clerk provided for in the Act of 1907. Plaintiff having previously taken the noncompetitive examination was on December 23, 1913, while the position of chief clerk was in the noncompetitive class, appointed to that position and at once entered upon his duties. On February 7, 1914, after the placing of the position of chief clerk in the exempt class by the new civil service commission, the director of public works discharged plaintiff without stating any cause and appointed another person to that position. Upon being refused reinstatement, plaintiff appealed to the Civil Service Commission, which body decided it was without authority to review the discharge by department directors of employees in the exempt class. Plaintiff followed this action by his petition for an alternative writ of mandamus. The lower court held the commission to be without power to limit the directors' choice of the confidential clerk secured to him by the Act of 1907 to such persons as stenographers, and that he should be free to choose a person in whom he had confidence, both as to ability to fill the position and as to honesty and integrity, regardless of the qualifications of such person as a stenographer. The action of the commission taken in December, 1913, was accordingly held to be void and that the position of chief clerk remained in the exempt class and therefore the act of the director in discharging plaintiff was not improper.

The determination of the case as now before us depends upon what the legislature meant by the term "confidential clerk" to the director of each executive department of city government. The term "confidential" is not necessarily limited to such position as involves matters of secrecy, but includes those which involve trust and confidence in the person occupying the particular em-

ployment. Any relation in which one person represents another in the performance of duties involving skill, integrity and trust is a confidential one within the general legal acceptation of the meaning of that term: People, ex rel., Crummey, v. Palmer, 152 N. Y. 217. At the time of the passage of the Act of 1907, the position of chief clerk existed in practically every departmental office of cities of the second class. So far as appears from the evidence here, there was no occasion for the services of a secret clerk in such departments, and no such position existed previous to that time. The legislature will be presumed to have known of the methods or system of conducting the affairs of the city, and in absence of a clear intention indicated in the wording of the act, we will not infer an intention to create without any apparent necessity a new office theretofore unknown to which was attached a substantial salary. The duties of a chief clerk in each department were such as to fully meet the description of confidential clerk used in the act. He had full charge of the records in the office of his department; attended to all the details of the office; acted in a confidential capacity to the director and accompanied him to council meetings for the purpose of aiding him in matters requiring attention; interviewed people, who called to see the director; attended to the details of advertising for and procuring bids for contracts; had charge of the pay roll of the chief bureaus under his department; countersigned all bills, including pay rolls; attended to the matter of procuring appropriations for various purposes connected with the department; received and examined all reports from the various heads of the bureaus under his department; attended to other affairs of the head of his department as they arose, and had general charge of the office. These various and important duties are such as would naturally come within the scope of the employment of a confidential clerk. The close association between the chief clerk and the head of the department makes it highly desirable for the lat-

ter to be free to choose for the position one in whom he has personal confidence and trust. That the efficient conduct of the affairs of the department also requires the presence of an assistant whose loyalty to his superior, without the feeling of antagonism or want of harmony which would exist in many cases, where, for instance, the two men were of opposite political views, cannot be questioned. No doubt these considerations caused the legislature to provide that a confidential clerk in each department should be in the exempt class, thus restricting to that extent the power of the Civil Service Commission. To permit the commission to say that this confidential clerk shall be one having no active part in the conduct of the affairs of the department, would place in that board the power to practically nullify the provisions of the civil service law. It follows the court was not in error in entering judgment for defendant non obstante veredicto.

Judgment affirmed.