[Civ. No. 9611.   Third Dist.   July 21, 1959.]

RUTH E. FEIDER, Appellant, v. H. JACK HANNA, as Director Department of Professional and Vocational Standards et al., Respondents.

James H. Phillips for Appellant.

Stanley Mosk, Attorney General, and Willard A. Shank, Deputy Attorney General, for Respondents.

SCHOTTKY, J.—This is an appeal from the judgment of the superior court which was entered after respondents' demurrer to appellant's petition for a writ of mandate which was sought to compel the State Personnel Board to reinstate petitioner to her civil service position as executive secretary to the Board of Nurse Examiners was sustained without leave to amend.

Article XXIV, section 4(a), of the California Constitution provides that the state civil service includes every officer of this state, except (2) state officers directly appointed by the Governor . . . (5) One person holding a confidential position to any officer mentioned in paragraph (1), (2) or (4) hereof except that there shall be but one such position to any board or commission composed in whole or in part of officers mentioned in said paragraphs, each such person to be selected by the . . . board . . . to be served.

The Board of Nurse Examiners consists of five members who are appointed by the governor. (Bus. & Prof. Code, §§ 2701-2703.)

On May 1, 1947, appellant, Ruth Esther Feider, was appointed to an exempt position as executive secretary of the Board of Nurse Examiners. This position is provided for by statute. (Bus. & Prof. Code, § 2708.) The statute provides that the executive secretary shall perform the duties delegated by the board and shall be responsible to it for the accomplishment of such duties. The statute also sets forth the qualifications for the position.

Miss Feider held this position under exempt status until September 1, 1948, at which time she was appointed to the same position in a civil service status. On September 3, 1957, a Miss Gertrude Baker was appointed to serve the Board of Nurse Examiners as administrative assistant, which position was classified as exempt. Thereafter the position of executive secretary was declared to be exempt and at the same time the position of administrative assistant was abolished. Miss Baker was appointed to the position of executive secretary. Miss Feider's duties were then transferred to Miss Baker, and Miss Feider was thereafter laid off. Miss Feider appealed the action to the State Personnel Board which, after a hearing,

refused to order her reinstated to her position. A writ of review was sought in the superior court, and after respondents' demurrer was sustained without leave to amend and judgment entered an appeal was taken to this court.

Appellant's first contention is that the position and duties of executive secretary of the Board of Nurse Examiners are not confidential within the meaning and intent of section 4(a), subdivision (5), of article XXIV of the state Constitution. As hereinbefore set forth said section 4(a), subdivision (5), permits the board to appoint one exempt employee to a confidential position.

The term "confidential" as used in section 4(a), subdivision (5), of article XXIV of the Constitution has not been construed or interpreted by the courts in California, but it has received consideration within the same legal context in other jurisdictions.

The question of whether the position is confidential is a question of law. In this connection the case of *Klatt* v. *Akers*, 232 Iowa 1312 [5 N.W.2d 605, 611, 146 A.L.R. 808], involving the problem of exemption of confidential positions from the operation of a veterans preference law, states as follows: "A confidential relationship is a legal status. It is a conclusion of law, rather than a finding of fact. A matter of judicial construction and determination."

A confidential position has been defined as one "where the duties of the position were not merely clerical, and were such as especially devolved upon the head of the office, which, by reason of his numerous duties, he was compelled to delegate to others, the performance of which required skill, judgment, trust and confidence, and involved the responsibility of the officer or the municipality which he represents, . . ." (*Chittenden* v. *Wurster*, 152 N.Y. 345 [46 N.E. 857, 861, 37 L.R.A. 809].)

In *Davies* v. *City of Pittsburgh*, 252 Pa. 251 [97 A. 413, 415], the court said:

". . . The term 'confidential' is not necessarily limited to such position as involved matters of secrecy, but includes those which involve trust and confidence in the person occupying the particular employment. Any relation in which one person represents another in the performance of duties involving skill, integrity, and trust is a confidential one within the general legal acceptation of the meaning of that term. *People* ex rel. *Crummey* v. *Palmer*, 152 N.Y. 217 [46 N.E. 328]. . . . The duties of a chief clerk in each department were such as to

fully meet the description of confidential clerk used in the act. He had full charge of the records in the office of his department; attended to all the details of the office; acted in a confidential capacity to the director and accompanied him to council meetings for the purpose of aiding him in matters requiring attention; interviewed people who called to see the director; attended to the details of advertising for and procuring bids for contracts; had charge of the pay roll of the chief bureaus under his department; countersigned all bills, including pay rolls; attended to the matter of procuring appropriations for various purposes connected with the department; received and examined all reports from the various heads of the bureaus under his department; attended to other affairs of the head of his department as they arose; and had general charge of the office. These various and important duties are such as would naturally come within the scope of the employment of a confidential clerk. The close association between the chief clerk and the head of the department makes it highly desirable for the latter to be free to choose for the position one in whom he has personal confidence and trust. . . ."

Section 2708 of the Business and Professions Code provides: "The board shall select an executive secretary who shall perform such duties as are delegated by the board and who shall be responsible to it for the accomplishment of such duties." Among the duties which the executive secretary performs are to plan, organize, and direct the examination and registration of graduate nurses, and the inspection and accrediting of nursing schools. In accordance with the policies established by the Board of Nurse Examiners, she approves applications for registration and supervises and conducts examinations; prepares recommendations to the board regarding proposed changes in policy for registration of nurses; conducts and directs the inspection of nurses' training schools, and approves applications for the accreditation of nursing schools; prepares and issues recommendations to officials of nursing schools regarding curricula and other problems.

We think it is clear that the executive secretary represents the board in matters requiring skill, integrity, and judgment and that such a position is a confidential position within the legal definition of the term.

Appellant contends further that the Board of Nurse Examiners could not assign the duties of the executive secretary of the Board of Nurse Examiners to an assistant exempt from the provisions of civil service since this amounted to an

usurpation of the functions of the State Personnel Board in classifying positions granted by article XXIV of the Constitution.

It is the position of the respondents that the Board of Nurse Examiners has the discretion under section 4(a), subdivision (5), of article XXIV of the Constitution to assign the duties and responsibilities of any position within their agency having a confidential relationship to the board, irrespective of whether such duties and responsibilities are presently being performed by a civil service employee.

Appellant argues that once a job has been classified by the State Personnel Board and a position established in the class set up by the State Personnel Board the appointing power loses the discretion under the Constitution to select an exempt employee for that position if it is occupied by a civil service employee. Under appellant's argument, since there are only as many positions as it takes to do the job, the State Personnel Board by classifying all of the positions within the agency and by filling all such jobs under civil service would deprive itself of the discretion to appoint an exempt employee. Thus, the Board of Nurse Examiners appointing the appellant to the job of executive secretary in a civil service status, although she originally was an exempt employee in the same job, thereby bound all future boards to keep her as the executive secretary, even though they might desire to have a confidential appointee hold that job.

The gist of appellant's argument is that any administration in state government by requesting the State Personnel Board to classify the positions presently held by its exempt appointees and permitting the current administration to make appointments thereto can deprive future administrations, possibly of different political representation, of any right to make appointments of confidential employees. This result would render ineffective the provisions of section 4(a), subdivision (5), of article XXIV of the Constitution for the period of tenure of the civil service incumbents.

We do not agree with this contention of appellant. Section 4(a), subdivision (5), of article XXIV was placed in the Constitution for the very purpose of permitting governor's appointees to make at least one appointment to positions significant because of their close relationship to the appointing power.

If section 4(a), subdivision (5), of article XXIV of the

Constitution is to be of any value at all, the appointing power must be able to assign the duties and responsibilities of the position which he chooses to an employee of his own selection.

The position of executive secretary, Board of Nurse Examiners, is established by the Legislature in section 2708 of the Business and Professions Code quoted above. The position of executive secretary as described by the Legislature requires that the person appointed shall perform all duties delegated by the Board of Nurse Examiners and be responsible to the board for the performance of such duties. As hereinbefore pointed out, this position is one of trust and confidence and is one imposing a confidential relationship upon the appointee with the board. The executive secretary is responsible for the operation of the agency and performs under the policies established by the board and the nursing practice act. The executive secretary is the alter ego of the nurse board, and, except when the board is in actual meeting assembled, is the board for all intents and purposes. We believe that section 4(a), subdivision 5, of article XXIV of the Constitution was adopted by the people with just such positions in view, where a responsiveness not possible under tenure laws is necessary.

Appellant contends also that her layoff was not made in good faith, as the transfer of appellant's duties to a person already holding an exempt appointment was for the sole purpose of circumventing the civil service law and was therefore illegal.

We believe that the answer to this is that the Board of Nurse Examiners has the authority under section 4(a), subdivision (5), of article XXIV of the Constitution to select a person for the position of executive secretary of the Board of Nurse Examiners because it is a position having a confidential relationship to the board. If the board has such authority, it is in good faith when it selects such a person for that position. The discretion placed in the Board of Nurse Examiners by the Constitution is for the purpose of allowing the board to make a selection; and if the employee performing the duties is not acceptable, the board is deliberately empowered to select a different person in whom they can repose their trust and confidence. It then becomes immaterial in what manner the incumbent is removed. Because the civil service laws are explicit, however, in the manner in which civil servants may be removed, it was necessary in the instant case to follow the layoff provisions of section 19541 of the Government Code.

This was not a circumvention of the civil service laws but an exact compliance therewith.

Our conclusion is the authority exercised by the Board of Nurse Examiners in assigning the duties of the executive secretary to a person selected by the board outside the "state civil service" is found in section 4(a), subdivision (5), of article XXIV of the Constitution. We are convinced that this provision allows a governor's appointees one employee for a position having a confidential relationship to the appointing power and that to hold that civil service requirements would protect an incumbent from removal so that such an appointment could not be made would be contrary to the discretion conferred by the Constitution itself.

We conclude that the trial court correctly sustained respondents' demurrer to the complaint without leave to amend. No cause of action was stated, nor could one be stated, on the facts presented. The judgment of the trial court is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 16, 1959.

*Assigned by Chairman of Judicial Council.