PAUL DENNIS et al., appellants, v. GORDON BENNET et al., appellees.

No. 51784.

(Reported in 140 N.W.2d 123)

FEBRUARY 8, 1966.

Barnes & Schlegel, of Ottumwa, for appellants.

Herman J. Schaefer and Bookin & Moreland, all of Ottumwa, for appellees.

RAWLINGS, J.—The City of Ottumwa, Iowa, is a municipal corporation organized and operating under the commission plan. Defendants were members of the city council. One of the members of the city council serves as superintendent of public safety. Plaintiffs Paul Dennis, Robert H. Knox and Hubert L. Smith, each being a member of the fire department and a war veteran, together with Hugh Stufflebeam, a member of the fire department but a nonveteran, were all on the chief's civil service eligible list. Save and except for the matter of veterans preference, each of these applicants had equal qualifications for the appointment. A vacancy occurred in the office of chief of the fire department, and Hugh Stufflebeam, the nonveteran, was appointed. By mandamus plaintiffs challenged the action contending each, being a veteran, had preferential right to appointment.

The trial court sustained defendants' motion to dismiss plaintiffs' action in mandamus to compel veterans preference in civil service appointment of chief of a fire department, and plaintiffs appealed.

I. The ultimate question to be resolved in this case is whether a member of the city council acting as superintendent of public safety in a municipality operating under the commission plan was governed by the veterans preference law in the selection

of a chief of the fire department from the chief's civil service eligible list.

Since civil service and veterans preference are both creatures of legislation, any problem relating to either or both can be resolved only by reference to applicable statutory provisions.

This usually means resort must be had to what is known as statutory construction. Our task then is to determine the legislative intent as shown by what the legislature has said rather than what it should or might have said. Rules of Civil Procedure, 344(f)13.

Section 365.8, Code, 1962, provides for original entrance examinations of applicants for positions under civil service other than promotions.

Section 365.9 makes provision for competitive promotional examinations and specifically declares all vacancies in civil service grades above the lowest in each department shall be filled by promotion of subordinates.

Turning to section 365.17 pertaining to qualifications under civil service, we find this relevant provision: "* * * In no case shall any person be appointed or employed in any capacity in the fire or police department, or any department which is governed by civil service, unless such person:

"1. Is a citizen of the United States and has been a resident of the city for more than one year, but such residence in the city shall not be a necessary qualification for appointment as chief of fire department. * * *."

Then Code section 365.13 provides in part as follows: "The chief of the fire department shall be appointed from the chief's civil service eligible list and shall hold full civil service rights as chief, and the chief of the police department shall be appointed from the active members of the department * * *.

"In cities under the commission plan of government the superintendent of public safety, with the approval of the city council, shall appoint the chief of the fire department and the chief of the police department. * * *."

And, section 365.14 states as follows: "* * * A police officer under civil service may be appointed chief of police without losing his civil service status, and shall retain, while holding the

office of chief, the same civil service rights he may have had immediately previous to his appointment as chief, but nothing herein shall be deemed to extend to such individual any civil service right upon which he may retain the position of chief."

Also section 365.10 serves to give preference in all examinations and appointments, other than promotions, to war service veterans.

An examination of these statutes clearly discloses an intent on the part of our legislature to differentiate between appointments and promotions. The terms are not synonymous.

As was stated in Daub v. Coupe, 9 App. Div.2d 260, 265, 193 N. Y. S.2d 47, 52: "To appoint is to designate or assign to a position. To promote is to advance or progress to a higher grade, position or degree. Promotion cannot occur until there exists a condition or status from which there can be advancement or progress."

This means, in the field of civil service, an appointment necessarily precedes promotion and creates the condition upon which a promotion may be effected.

Referring now to Code sections 365.6, subsection 2(a), 365.13 and 365.14, we find the chief of the fire department must be appointed from the chief's civil service list and once appointed holds full civil service rights as such.

On the other hand, the law specifically provides the chief of police must be appointed from the active members of the department and holds no civil service status in that office. In fact, he, as chief, retains only those civil service rights which were held prior to appointment as head of the department. Noticeably the law does not provide that the chief of the fire department be appointed from the active members of the department.

Section 365.17 discloses any person appointed to a subordinate position in a fire department must have been a resident of the city for more than one year. However, the chief need not possess such residential qualifications. The self-evident intent and purpose of this law is to permit cities to look elsewhere, if desired, for trained and expert fire fighters in the selection of an individual to guide and direct the operations of its fire department. Impliedly he need not be an acting member of the depart-

ment within the appointing city in order to qualify for the office.

■ We are satisfied any person desiring a civil service appointment as chief of the fire department in a city operating under the commission plan must take and pass an entrance examination in order to secure a listing on the chief's civil service eligible list. From this list only may an appointment of fire chief be made.

II. Having determined the office of chief of a, fire department, in cities operating under the commission plan, is a civil service appointive position, we turn now to the matter of veterans preference.

■ In dealing with the matter of appointments, we have heretofore held there is no conflict between the civil service law (Code chapter 365), and the soldiers preference law (Code chapter 70). Geyer v. Triplett, 237 Iowa 664, 22 N.W.2d 329; Ervin v. Triplett, 236 Iowa 272, 18 N.W.2d 599; and Case v. Olson, 234 Iowa 869, 14 N.W.2d 717.

In Andreano v. Gunter, 252 Iowa 1330, 110 N.W.2d 649, this court was primarily concerned with the matter of discharge or removal of civil service employees. We there dealt with and, in fact, found a conflict between sections 70.6 and 365.19 of the Code. But those statutes have nothing to do with the matter now before us.

In connection with the case now at hand, we find no irreconcilable conflict in the statutes relating to appointment of chief of a fire department under civil service and the soldiers preference law.

■ III. The question with which we are now confronted is whether the chief of a fire department in a municipality operating under the commission plan is a private secretary or deputy of any official or department, or a person holding a strictly confidential relation to the appointing officer. Section 70.8, Code, 1962.

This legislative enactment is in the nature of a proviso, standing as an exception to a rule. However, difficulty has usually been encountered in the determination of its applicability. In fact, statutes like or similar to section 70.8 have constantly created problems in the interpretation and administration of

670

soldiers preference and civil service laws. See annotation, 146 A. L. R. 818.

The able trial court held the chief of a fire department holds a confidential relation to the appointing officer. We cannot agree.

While this appeal is not triable de novo, it still remains that a determination of the status of chief of a fire department is not a simple factual finding. Rather it is a matter for judicial determination and we consider it accordingly. Klatt v. Akers, 232 Iowa 1312, 1324, 5 N.W.2d 605, 146 A. L. R. 808.

This court has several times had occasion to deal with the troublesome problem now before us. In that connection see Andreano v. Gunter, 252 Iowa at 1341, 110 N.W.2d at 654.

Little or nothing is to be gained by elaborating upon the various positions which have been found to be or not to be classified as strictly confidential. Our task is to here determine the status of chief of a fire department in a municipality operating under the commission plan.

The trial court based his conclusion in large part, if not entirely, upon the assumption Code section 365.19 prescribes the duties of a fire chief. But that statute deals only with the reporting duties of the chief in connection with removal or discharge of subordinates. The provisions of chapters 100, 101 and 410, Code, 1962, serve to illustrate some of the many duties of the office separate and apart from submission of reports to the superintendent of public safety.

We deem it too evident to warrant discussion that the chief of a fire department is not a private secretary or deputy of any official or department.

So we must next determine whether the chief of a fire department in a city operating under the commission plan holds a *strictly confidential relation* to the appointing officer. We are satisfied he does not stand in such a position.

By a process of adoption, we said in Brown v. State Printing Board, 230 Iowa 22, 24, 296 N.W. 719: " ' "The term 'confidential relation' is a very broad one and is not at all confined to any specific association of the parties, but applies generally to all persons who are associated by any relation of trust and confidence." ' "

In like manner we also there said: " '* * * where the duties of the appointing officer were of such a character that it is impossible for him to personally discharge them, and of necessity he was compelled to intrust the performance of them largely to others, a confidential relation arose between the officer and the others to whom a portion of his duties was necessarily delegated.' "

Following this we then, by our own authority, said: "Where duties are not merely clerical and require skill, judgment, trust and confidence, the courts are inclined to regard the appointee to whom such duties are delegated as holding a strictly confidential relation to the appointing officer or board."

In this connection, the court in Feider v. Hanna, 172 Cal. App.2d 201, 204, 342 P.2d 344, 346, said: "A confidential position has been defined as one 'where the duties of the position were not merely clerical, and were such as especially devolved upon the head of the office, which, by reason of his numerous duties, he was compelled to delegate to others, the performance of which required skill, judgment, trust and confidence, and involved the responsibility of the officer or the municipality which he represents, * * *.' " See also 15 Am. Jur.2d, Civil Service, section 15, page 477.

Surely the legislature did not intend section 70.8 to be a tool by which the provisions of chapter 365 could be loosely circumvented. And, just as surely, the General Assembly did not propose to make the office of fire chief a transitory one. If the legislative body had so intended it could easily have so declared, as in the case of chief of police.

 Admittedly a councilman serving as superintendent of public safety is by law vested with executive and administrative powers within that area of city government known as the department of public safety, chapter 363B, Code, 1962. But he is not charged with performance of any of the duties of chief of the fire department. As a result he does not, by appointment, delegate any of his official duties to the chief of a fire department. No officer can delegate to a subordinate any powers or duties which the officer himself does not possess. Actually, the duties of chief of a fire department are delegated or vested by applicable statutes and lawfully proper ordinances. Of course, such ordi-

nances must not be inconsistent with the laws of the state. Section 366.1, Code, 1962, and Dotson v. City of Ames, 251 Iowa 467, 101 N.W.2d 711.

It thus becomes evident section 70.8 has no standing in connection with the appointment of chief of a fire department in a municipality operating under the commission plan.

In the case now before us it is admitted that save and except for the matter of veterans preference, each of those persons on the chief's civil service eligible list possessed equal qualifications for appointment. We are satisfied that men and women who qualify under the law as honorably discharged from the military or naval forces of the United States, and who are on the chief's civil service eligible list, are entitled to preference over a nonveteran in appointment of the chief of a fire department in municipalities operating under the commission plan.

IV. Finally, plaintiffs contend the trial court erred in overruling the motion by plaintiffs to strike amendment to motions to dismiss filed by defendants. There is merit in this contention.

The challenged amendment to motions to dismiss contained affidavits of fact and exhibits not contained or set forth in plaintiffs' petition.

In Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 219, 106 N.W.2d 667, we said of such an amendment to a motion to dismiss: "This amendment does not aid defendant. It is elementary that a motion to dismiss must be based upon matters alleged in the petition. The motion may not sustain itself by its own allegations of fact not appearing in the challenged pleading. Such averments are no proper part of the motion to dismiss and must be ignored. To the extent such a motion is grounded on claimed facts not appearing in the pleading attacked it is like a 'speaking' demurrer which will be disregarded. Bales v. Iowa State Highway Comm., 249 Iowa 57, 62, 86 N.W.2d 244, 247, and citations; Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823; Van Emmerik v. Vuille, 249 Iowa 911, 914, 88 N.W.2d 47, 49."

Plaintiffs' motion to strike defendants' amendment to motions to dismiss should have been sustained.

V. The trial court was in error in sustaining the motion by defendants to dismiss plaintiffs' petition and amendments thereto. This case must therefore be reversed and remanded.

Reversed and remanded for further proceedings not inconsistent herewith.

All Justices concur.