**Wallace N. LaPETERS, Appellant,**

v.

**The CITY OF CEDAR RAPIDS, Iowa, a Municipal Corporation, Appellee.**

**No. 59974.**

Supreme Court of Iowa.

March 22, 1978.

Robert C. Nelson and R. M. Fassler, Cedar Rapids, for appellant.

Linda Thompson, Asst. City Atty., Cedar Rapids, for appellee.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This appeal concerns procedures for discharging a police chief. On August 23, 1976, the public safety commissioner of defendant City of Cedar Rapids notified plaintiff Wallace N. LaPeters he was fired as police chief. LaPeters attempted an appeal to the City civil service commission. The commission informed him it was without jurisdiction. He then brought a declaratory judgment action in which he requested an adjudication that he was subject to discharge only through civil service procedures and that, in any event, the safety commissioner could not fire him without city council concurrence. After trial, the trial court held against him on both contentions. We affirm.

The questions here are whether LaPeters could be discharged without resort to civil service procedures and, if so, whether he could be fired by the safety commissioner without city council concurrence. Resolution of these questions requires construction of relevant statutes.

The pertinent statutes have not been changed in any respect material here since LaPeters was appointed May 8, 1974. However, the Code chapter on civil service which was chapter 365 in the 1973 Code appears as chapter 400 in the 1977 Code.

Chiefs of police are expressly excepted from general applicability of the civil service law. § 400.6, The Code. Nevertheless, certain provisions of civil service law are specifically made applicable to them. §§ 400.13, 400.14, The Code. Pursuant to § 400.13, the police chief is to be appointed from a civil service eligibility list which is comprised of all persons with requisite qualifications, whether employed by the city or not, who pass a civil service examination for the position. For a city like Cedar Rapids with a commission form of government the statute provides, "the superintendent of public safety, with the approval of the city council, shall appoint * * * the chief of the police department."

■ The civil service status of a chief so appointed is specifically addressed in § 400.-14, as follows:

A police officer under civil service may be appointed chief of police * * * without losing his civil service status, and shall retain, while holding the office of chief, the same civil service rights he may have had immediately previous to his appointment as chief, *but nothing herein shall be deemed to extend to such individual any civil service right upon which he may retain the position of chief.* (Emphasis supplied).

Provisions of civil service law relating to removal, demotion or suspension of employees are applicable only to "person holding civil service rights as provided in this chapter." § 400.18, The Code.

Familiar principles of statutory construction are applicable. Our objective is to ascertain legislative intent.

■ We start from the premise that while no one has a constitutional right to public employment the state may not regulate it arbitrarily. *Redmond v. Carter,* 247

N.W.2d 268, 272 (Iowa 1976). Nevertheless, an appointing power has removal authority unless the law provides otherwise. See *Healdsburg Police Officers Ass'n v. Healdsburg,* 57 Cal.App.3d 444, 129 Cal.Rptr. 216 (1976); 4 McQuillin, Municipal Corporations, § 12.229b (1968). Similarly, civil service procedures may be made applicable to selection of a public employee, or for other purposes, but inapplicable to discharge. The issue is dependent on the effect of applicable statutes. O. Field, Civil Service Law, p. 18, 67 (1939).

 Here the statutes are clear. A police chief is appointed in accordance with civil service procedures. § 400.13, The Code. If he is appointed from the ranks he does not lose the civil service rights he already has. However, he does not acquire "any civil service right upon which he may retain the position of chief." § 400.14. This is consistent with the general provision excepting the police chief from civil service status. § 400.6. Removal procedures dictated in the civil service chapter are applicable only to persons who hold civil service status for retention purposes. § 400.18. The civil service commission has jurisdiction only of those cases. §§ 400.18–400.27. Because LaPeters did not have a civil service right to retain his position as chief, the civil service commission lacked jurisdiction of his case, and the trial court was right in so holding.

LaPeters relies on this court's decision in *Dennis v. Bennet,* 258 Iowa 664, 140 N.W.2d 123 (1966). The question there was whether an appointing power was bound by the veteran's preference law in the selection of a fire chief. The court noted, as we do with respect to the position of police chief under present statutes, that the fire chief was to be selected by civil service procedures. No issue relating to discharge was presented. Furthermore, the civil service status of a fire chief in relation to discharge was not defined then as it is now in § 400.14, The Code. See § 365.14, The Code, 1966. The *Dennis* case does not support LaPeters' position here.

He also asserts § 400.6, which makes the civil service laws generally inapplicable to police chiefs, is an inadvertent carryover from prior legislation which should, in effect, be read out of the chapter. Cf. *Redmond v. Carter,* supra, 247 N.W.2d 274–279 (special concurrence). We find it unnecessary to decide the merits of that assertion because our holding is not dependent on § 400.6. It rests instead on the specific provision of § 400.14 which expressly deprives a police chief of any civil service right in relation to removal.

 We hold that the firing of LaPeters was governed by § 372.15, The Code. It provides:

Except as otherwise provided by state or city law, all persons appointed to city office may be removed by the officer or body making the appointment, but every such removal shall be by written order. The order shall give the reasons, be filed in the office of the city clerk, and a copy shall be sent by certified mail to the person removed who, upon request filed with the clerk within thirty days of the date of mailing the copy, shall be granted a public hearing before the council on all issues connected with the removal. The hearing shall be held within thirty days of the date the request is filed, unless the person removed requests a later date.

This is the statute which the City's public safety commissioner followed in this case. In addition to giving LaPeters written notice of his firing, the commissioner filed a written order stating his reasons with the city clerk, a copy of which was sent to LaPeters by certified mail. LaPeters did not request a hearing from the council.

 Our holding on LaPeters' first contention leaves only the question whether the safety commissioner, required by § 400.13 to have council concurrence in the initial appointment, was required to obtain council concurrence before firing him. Under the terms of § 372.15, the appointee "may be removed by the officer or body making the appointment * * *." Council concurrence is not required.

This is in accord with the general principle that a requirement of confirmation of initial appointment does not make the confirming body the appointing power. 63 Am.Jur.2d, Public Officers and Employees, § 110 at 697 ("A confirmation of an appointment to a public office is to be distinguished from the appointment itself, for in confirming the appointment the * * * body does not in any sense choose the appointee"). See 4 McQuillin, supra, § 12.233c at 238 ("the fact that appointments of persons to office require the approval or confirmation of another officer or tribunal does not mean that the latter must concur when the power of removal is exercised by the appointing authority").

The trial court was correct in upholding the procedures used in discharging LaPeters.

AFFIRMED.