No. 91,641

STATE OF KANSAS *ex rel.* WILLIAM SLUSHER, and RALPH SORRELL, *Appellants,* v. CITY OF LEAVENWORTH, GREG BAKIAN, LEE DOEHRING, and GARY ORTIZ, *Appellees.*

112 P.3d 131

Opinion filed June 3, 2005.

*Lawrence G. Rebman,* of Rebman & Associates, L.L.C., of Kansas City, Missouri, argued the cause and was on the briefs for appellants.

*Teresa L. Sittenauer*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an action in mandamus to compel application of the statutory veterans' preference in the promotions of William Slusher from sergeant to lieutenant and Ralph Sorrell from police officer to sergeant with the City of Leavenworth, Kansas, Police Department (LPD). Slusher and Sorrell filed a petition for writ of mandamus in the district court alleging that each was denied promotion by LPD in violation of K.S.A. 73-201, a veterans' preference statute, and seeking an order compelling LPD to promote them to the positions they applied for. The district court dismissed their petition on the grounds that the statute applies only to initial hiring and mandamus is not an appropriate remedy. Slusher and Sorrell appealed. The court transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

On a motion to dismiss for failure of the petition to state a claim upon which relief can be granted, the question must be decided from the allegations of the petition. The question is whether, in the light most favorable to petitioners, and with every doubt resolved in their favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate petitioners do not have a claim. *Bruggeman v. Schimke*, 239 Kan. 245, 247, 718 P.2d 635 (1986).

The following facts were alleged by Slusher and Sorrell in their petition:

Slusher has been employed with the LPD for more than 5 years and has served in the position of sergeant for more than 2 years. He was honorably discharged from the United States Air Force in January 1991, having served during a period of national hostility that confers veterans' preference status. He qualifies as a veteran under K.S.A. 73-201. He applied for a vacancy for the rank of police lieutenant that was announced in December 2001. Minimum requirements for the position were 5 years of experience with the LPD and 2 years as sergeant, detective, or corporal.

Slusher was the only K.S.A. 73-201 veteran who applied for the position of lieutenant. Sergeant Kathy Tytla was promoted to the position of lieutenant. Tytla is not a veteran.

Greg Bakian is the Personnel Director of the City of Leavenworth. When contacted by Slusher about his being denied the veterans' preference with regard to the promotion, Bakian responded that the preference applies only to initial hiring.

Sorrell has been employed with the LPD for more than 1 year, has been certified as a police officer for more than 3 years, has a college degree, and has a valid Kansas driver's license. He was honorably discharged from the United States Army in August 1993, having served during a period of national hostility that confers veterans' preference status. He qualifies as a veteran under K.S.A. 73-201. He applied for a vacancy for the rank of police sergeant that was announced in February 2002. Minimum requirements for the position were 3 years as a certified police officer and 1 year of experience with the LPD, a high school education or G.E.D. and some undergraduate college courses, and a valid Kansas driver's license.

Sorrell was the only K.S.A. 73-201 veteran who applied for the position of sergeant. Officer Daniel Nicodemus was promoted to the position of sergeant. Nicodemus is not a veteran.

When contacted by Sorrell about his being denied the veterans' preference with regard to the promotion, Bakian responded that the preference applies only to initial hiring. His response was reiterated by Lee Doehring, the Chief of Police, and Gary Ortiz, the City Manager.

Appellate review of a district court's statutory interpretation is a question of law requiring unlimited review. The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

K.S.A. 73-201 provides in part:

"In grateful recognition of the services, sacrifices and sufferings of persons who served in the army, navy, air force or marine corps of the United States in world war I and world war II, and of persons who have served with the armed forces of

the United States during the military, naval and air operations in Korea, Viet Nam or other places under the flags of the United States and the United Nations or under the flag of the United States alone, and have been honorably discharged therefrom, they *shall be preferred for appointments and employed to fill positions* in every public department and upon all public works of the state of Kansas, and of the counties and cities of this state, if competent to perform such services; and the person thus preferred shall not be disqualified from holding any position in said service on account of his age or by reason of any physical or mental disability, provided such age or disability does not render him incompetent to perform the duties of the position applied for; and when any such ex-soldier, sailor, airman or marine *shall apply for appointment to any such position, place, or employment,* the officer, board or person whose duty it is or may be to appoint a person to fill such place *shall*, if the applicant be a man or woman of good reputation, and can perform the duties of the position applied for by him, or her, *appoint* said ex-soldier, sailor, airman or marine *to such position, place, or employment* . . . ." (Emphasis added.)

The district court concluded that the veterans' preference of K.S.A. 73-201 applies to initial hiring but not to internal promotions.

Slusher and Sorrell contend that the statute, by defining the scope of veterans' preference in a variety of terms including "appointments," "employments," "employed to fill positions," and "appointment to any such position, place, or employment," demonstrates the legislature's intent that the preference be broadly applied. They cite *Jensen v. State Dept. of Labor and Industry*, 213 Mont. 84, 90, 689 P.2d 1231 (1984), interpreting that state's veterans' preference statute, which provided for a veterans' preference in "appointment and employment." Jensen received a veterans' preference when initially hired by the Montana Department of Labor and Industry. 213 Mont. at 86. When Jensen applied for the position of manager of the Great Falls Service Office, "[o]nly internal applications were accepted and veteran's preference, traditionally granted only in initial hire situations, was not considered." 213 Mont. at 86. Jensen was not chosen to fill the manager position. The Montana Supreme Court concluded that it did not have to determine whether the hiring was an appointment or promotion because the hiring "must be construed as employment." 213 Mont. at 90. Although the Montana Legislature has now repealed its preference statute, thus manifesting a policy shift, the

Montana Supreme Court's interpretation of the statutory terms "appointment and employment" as including promotion abides.

Respondents in the present case do not challenge K.S.A. 73-201 on constitutional grounds. Instead, they maintain that the plain language of the statute restricts the veterans' preference to initial hiring. Regardless, they cite *Housing Auth. v. Pa. Civil Service Com'n*, 556 Pa. 621, 730 A.2d 935 (1999), as standing for the Pennsylvania court's recognition of constitutional difficulties arising from the application of a veterans' preference to promotions. The Pennsylvania court expressed the view that a reasonable relation exists between the preference for military service in initial hiring and the proper performance of public duties, but reasoned that experience in the armed services is not probative for promotions because veteran and nonveteran candidates have had the opportunity to develop their skills in the same work environment.

In addition to being irrelevant to any issue before this court, the Pennsylvania court's reasoning is overly narrow. It fails to take into account circumstances in which the position at issue would be a promotion for one candidate but an initial hiring for another. It also treats the veterans' preference as if it were merely a matter of a veteran being a desirable employee as a result of his or her military experience, when, in fact, the veterans' preference is a means of giving credit not only "for the discipline and experience represented by . . . military training," but also "for the loyalty and public spirit" demonstrated by military service. 51 Pa. Cons. Stat. sec. 7102(a) (2004).

Even less tied to strictly pragmatic considerations is the Kansas preference, which is expressly "[i]n grateful recognition of the services, sacrifices and sufferings of persons who served" in the military. K.S.A. 73-201. In recognition of the time and advantage lost toward the pursuit of a civilian career, the preference helps compensate for the years in uniform during which experience in civil service might otherwise have been acquired.

Respondents also would have the court infer from the Pennsylvania statute expressly treating appointments and promotions as distinct actions, that the Kansas statute's silence on promotions means that the Kansas Legislature did not intend to include pro-

motions within its veterans' preference mandate. Without some indication that the Pennsylvania statute or other similar statutes were known to the Kansas Legislature, which is absent here, the inference is unwarranted.

With regard to the wording of the statute, respondents also cite *Dennis v. Bennet*, 258 Iowa 664, 140 N.W.2d 123 (1966). *Dennis* was an action in mandamus to compel the veterans' preference in the appointment of the chief of a city fire department. The Iowa Supreme Court held that qualified veterans were entitled to preference. The Iowa statute "serves to give preference in all examinations and appointments, other than promotions, to war service veterans." 258 Iowa at 668. The Iowa court quoted definitions of appointment and promotion from *Matter of Daub v. Coupe*, 9 App. Div. 2d 260, 265, 193 N.Y.S.2d 47 (1959): " 'To appoint is to designate or assign to a position. To promote is to advance or progress to a higher grade, position or degree. Promotion cannot occur until there exists a condition or status from which there can be advancement or progress.' " 258 Iowa at 668. According to the Iowa Supreme Court, the definitions mean that "an appointment necessarily precedes promotion and creates the condition upon which a promotion may be effected." 258 Iowa at 668. Because the fire department chief did not need to be an acting member of the city's fire department in order to qualify, the court concluded that an appointment rather than a promotion was at issue. 258 Iowa at 668-69.

Respondents also direct the court's attention to *Aquino v. Civil Service Commission*, 34 Mass. App. 538, 613 N.E.2d 131 (1993), as another case in which a distinction was drawn between appointment and promotion. The Massachusetts statute applies to the "original appointment to any position in the official service." 34 Mass. App. at 539. According to the Massachusetts Appeals Court, because the statute "makes no reference to promotions, the well-known maxim *expressio unius est exclusio alterius*, the expression of one thing is the exclusion of another, applies. [Citations omitted.] The use of the term 'original appointment' without any reference to 'promotion' implies the exclusion of the latter." 34 Mass. App. at 541.

Neither the Iowa statute, which excepts promotion, nor the Massachusetts statute, which applies to *original* appointment, is like K.S.A. 73-201. The Kansas statute does not use the term promotion *so* as to distinguish it from appointment, or modify appointment with "original" so as to distinguish it from subsequent appointments. Restriction of the term appointment to initial hiring by the other states' courts, therefore, is not a reason for this court to interpret the Kansas statute in the same way.

The language, "they shall be preferred for appointments and employed to fill positions in every public department and upon all public works" (except that "appointment" originally was singular and became plural in 1907), has been in the Kansas veterans' preference statute since it was enacted in 1886. See L. 1886, ch. 160, sec. 1; L. 1907, ch. 374, sec. 1. The wars in which eligible veterans served have been changed from time to time from the Civil War to the Spanish-American War and World War I to World War II to combat in Korea and Vietnam. L. 1886, ch. 160, sec. 1; L. 1919, ch. 280, sec. 1; L. 1945, ch. 301, sec. 1; L. 1951, ch. 429, sec. 1; L. 1970, ch. 306, sec. 1. The services have been expanded to include the Marine Corps, American Red Cross nurse corps, and Air Force, in addition to the Army and Navy. L. 1945, ch. 301, secs. 1, 11; L. 1970, ch. 306, sec. 1. And the nature of a violation has been changed from criminal to civil. *Cf.* L. 1901, ch. 186, sec. 2; L. 1907, ch. 374, sec. 1. But the charge that veterans shall be preferred for appointments and employed to fill positions in public service has remained the same.

A case decided under an early version of the statute demonstrates that it was not then interpreted to apply only to the initial hiring but instead was given a somewhat broader construction. In *Goodrich v. Mitchell*, 68 Kan. 765, 75 Pac. 1034 (1904), the court ruled in favor of Goodrich, a veteran, over Mitchell, who was not a veteran. Both men applied to be superintendent of the electric light plant of Topeka. Goodrich was seeking reappointment at the end of a 2-year term in the office. Mitchell was seeking an initial appointment.

Of the cases cited by the parties, we find only *Jensen*, the Montana case, helpful in our consideration of the claims of Slusher and

Sorrell. The Montana preference statute, like K.S.A. 73-201, expressly applied to appointment and employment but did not exclude promotion. Jensen, like Goodrich, sought a position within the organization he already worked for and was favored over non-veteran candidates. Like the Montana court, we are persuaded by the argument that the wording of our preference statute is more inclusive than exclusive and that the legislature's use of general terms demonstrates no intent to restrict the veterans' preference to initial hiring. In the absence of limiting statutory language, respondents' argument that the plain language of the statute excludes promotions from the preference is unconvincing. If the legislature had wanted to restrict preference to initial hiring, it certainly knew how to say so and would have done so. We conclude, therefore, that K.S.A. 73-201 applies to internal promotions as well as to initial hiring.

The second ground on which the district court dismissed Slusher and Sorrell's petition was procedural. The district court concluded that mandamus is not an appropriate remedy in this case because the application of the veterans' preference under K.S.A. 73-201 involves the exercise of discretionary authority and because no exception for bad faith applies in the circumstances.

On appeal, Slusher and Sorrell contend that their promotions are mandatory rather than discretionary under the veterans' preference statute and, in the alternative, that mandamus is appropriate because respondents acted in bad faith in refusing to award the promotions to them. Respondents argue that K.S.A. 73-201 invests the hiring authority with discretion and that the exercise of discretion cannot be fettered by a writ of mandamus.

K.S.A. 60-801 provides: "Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."

Numerous prior decisions have recognized mandamus as a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of the public business,

notwithstanding the fact that there also exists an adequate remedy at law. *Wilson v. Sebelius*, 276 Kan. 87, 90, 72 P.3d 553 (2003). Petitioners state that what they are seeking is an expeditious and authoritative interpretation of K.S.A. 73-201, which will serve as the basis for compelling respondents to promote petitioners to the positions they applied for.

An authoritative interpretation of K.S.A. 73-201 has been obtained. Numerous prior decisions have recognized mandamus as a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of the public business, notwithstanding the fact that there also exists an adequate remedy at law. *Wilson v. Sebelius*, 276 Kan. 87, 90, 72 P.3d 553 (2003).

Mandamus also is a proceeding used for compelling a public officer to perform a clearly defined duty, one imposed by law and not involving the exercise of discretion. *Sedlak v. Dick*, 256 Kan. 779, 785, 887 P.2d 1119 (1995). This appeal came to the court from the trial court's order granting respondents' motion and dismissing the petition of Slusher and Sorrell for failure to state a claim upon which relief may be granted under K.S.A. 60-212(b)(6). Although the respondents had filed their answer some months before filing their motion to dismiss, they sought dismissal of the petition for failure to state a claim rather than judgment on the pleadings or summary judgment, which would have included consideration of respondents' answer under K.S.A. 60-212(c) and matters outside the pleadings under K.S.A. 2004 Supp. 60-256. As respondents' urged, the trial court treated their motion as "a motion to dismiss" "to be determined on the allegations of the petition." On a motion to dismiss for failure to state a claim upon which relief may be granted, both trial and appellate courts consider only the well-pleaded facts of the petition and accept them as true. *Goldbarth v. Kansas State Board of Regents*, 269 Kan. 881, 882, 885-86, 9 P.3d 1251 (2000).

In addition to the proper veterans' status, K.S.A. 73-201 places two conditions on eligibility for the veterans' preference—competence to perform the job duties and good reputation. Each petitioner alleged that he enjoys good reputation and that he is com-

petent and capable of performing the duties of the position he sought. Thus, petitioners' competence and good reputation are established for the purpose of respondents' motion to dismiss.

The trial court concluded that mandamus is not an appropriate remedy in this case because application of K.S.A. 73-201 involves the exercise of discretionary authority. In the current procedural posture of this case, however, no discretion is involved and, thus, mandamus is not inappropriate.

The district court's dismissal of Slusher and Sorrell's petition for failure to state a claim upon which relief may be granted is reversed, and the case is remanded for further proceedings consistent with this opinion.

GERNON, J., not participating.