# IN THE COURT OF APPEALS OF IOWA

No. 18-1653
Filed September 11, 2019

**CITY OF DAVENPORT,**
    Plaintiff-Appellee,

**vs.**

**LYNN WASHBURN-LIVINGSTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart Werling, Judge.


A former fire chief appeals a district court ruling holding the Davenport Civil

Service Commission did not have jurisdiction to order the fire department to create

a position for her. **AFFIRMED.**



Michael J. Carroll and Megan Flynn of Coppola, McConville, Carroll,

Hockenberg & Flynn, P.C., West Des Moines, for appellant.

Richard A. Davidson of Lane & Waterman LLP, Davenport, for appellee.


Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

Lynn Washburn-Livingston (Washburn) seeks reversal of the district court's finding the Davenport Civil Service Commission (Commission) did not have jurisdiction to grant her continued employment with the Davenport Fire Department. We find Washburn's prior Illinois fire-fighter status did not afford her Iowa civil service status. We affirm the district court.

## I.     Background Facts & Proceedings

In 2011, Washburn was appointed as Fire Chief for the City of Davenport (City). Prior to her appointment, Washburn worked for the Rockford, Illinois, fire department for nearly thirty years and was serving as district chief when hired by the City. Washburn retired from Rockford before starting as Davenport Fire Chief.

The letter offering Washburn the Iowa job specified the fire chief position was at-will employment and required she obtain certification on the civil service list for the position. Washburn was certified on September 23, 2011. The offer letter did not grant her civil service status or transfer her Illinois status or benefits to Davenport. The offer letter specified a severance package in the event of involuntary separation but did not provide for continued employment at a lesser position.

On July 27, 2017, the City terminated Washburn as fire chief. Upon removal from the position of fire chief, Washburn was not employed by the City in any capacity.

On August 9, Washburn filed a notice of civil service appeal with the Commission, claiming she was entitled to a position as district chief with the department after her removal as fire chief pursuant to Iowa Code section 400.13(2)

(2017). The Commission found in her favor and ordered the City to employ her in the classification of district chief.

The City appealed to the district court. The court found the Commission lacked jurisdiction to consider Washburn's appeal and vacated the Commission's decision. Washburn appeals.

## II. Standard of Review

Our review of the district court ruling is de novo. *Lewis v. Civil Serv. Comm'n of Ames*, 776 N.W.2d 859, 861 (Iowa 2010). We give weight to, but are not bound by, the findings of the district court. *Whitwer v. Civil Serv. Comm'n of Sioux City*, 897 N.W.2d 112, 117 (Iowa 2017). We confine our review to the record made in the district court and limit our review to the issues raised below. *Dolan v. Civil Serv. Comm'n of Davenport*, 634 N.W.2d 657, 662 (Iowa 2001).

## III. Analysis

A civil service commission has jurisdiction "to hear and determine matters involving the rights of civil service employees under [chapter 400], and may affirm, modify, or reverse any case on its merits." Iowa Code § 400.27; *Whitwer*, 897 N.W.2d at 118. The only question before us is whether the Commission had jurisdiction to hear and decide Washburn's appeal. The question requires interpretation of Iowa Code chapter 400 and a determination whether Washburn had "civil service status" entitling her to remain in the department after being relieved as fire chief under section 400.13(2). The district court held, "A plain reading of the relevant parts of chapter 400 reveals that a fire chief is *not* a civil service employee; nor does a person employed as fire chief under chapter 400 become a civil service employee by virtue of employment as fire chief."

The civil service system was established by the legislature to ensure the qualifications of applicants for positions under civil service and to protect the employees from arbitrary removal, discharge, demotion, or suspension. *See* Iowa Code §§ 400.8, .18. The civil service system provides the mechanism by which a civil service employee can challenge removal, discharge, demotion, or suspension from their job. *See id.* §§ 400.18–.27.

Iowa Code section 400.6 specifically applies the civil service chapter to permanent full-time fire fighters. Section 400.6(4) states the chapter does not apply to "the head of each department"; however, the provision specifies sections 400.13 and 400.14 do apply to police and fire chiefs. Iowa Code section 400.13(1) provides any fire-chief appointment must be from the chiefs' civil service eligible list.[1] *See LaPeters v. City of Cedar Rapids*, 263 N.W.2d 734, 736 (Iowa 1978). While the statute requires any potential fire chief to take the appropriate civil service exam, it does not require that a potential fire chief already have civil service status in Iowa. Iowa Code § 400.13(1). Section 400.14[2] clarifies that a person with civil service status retains their status when appointed chief; however, civil service rights do not flow from the position of chief.

---

[1] The civil service eligible list "shall be determined by original examination open to all persons applying." Iowa Code § 400.13(1).

[2] Section 400.14 states:

> A police officer under civil service may be appointed chief of police and a fire fighter under civil service may be appointed chief of the fire department without losing civil service status, and shall retain, while holding the office of chief, the same civil service rights that the officer or fire fighter may have had immediately previous to appointment as chief, *but nothing herein shall be deemed to extend to such individual any civil service right upon which the individual may retain the position of chief*.

(Emphasis added.)

Washburn claims her civil service status at her prior employment in Illinois should qualify as civil service status for purposes of sections 400.13 and 400.14. The City states Washburn has no civil service status in Iowa, fire chiefs are not civil service employees, and her time as an Illinois civil service employee does not transfer to Iowa civil service status. Washburn has provided no authority establishing her civil service status in another state can be credited to Iowa civil service without agreement from the City.[3] The statutory reference to transfer of rights specifically refers to rights acquired under Iowa Code section 400.12 and chapters 410 or 411, with no mechanism to transfer civil service status from another state.

The civil service commission may exercise its jurisdiction over a person holding civil service status. *Id.* § 400.27; *cf. City of Des Moines v. Civil Serv. Comm'n of Des Moines*, 540 N.W.2d 52, 56–57 (Iowa 1995). A fire chief has no independent civil service right and the civil service commission lacks jurisdiction to review the discharge of the chief. *See LaPeters*, 263 N.W.2d at 736. When a person with civil service rights moves into the position of fire chief, they do not lose their right to retain a civil service position covered under the civil service statutes. *See* Iowa Code §§ 400.12–.14. The right to another civil service position after the position of chief is a continuation of a previous right acquired under section 400.12, not a new right acquired by an appointment as chief. *See id.* § 400.13(1).[4]

---

[3] Moreover, even if Washburn's civil service status transferred, it is unclear what Illinois civil service status would have been retained after her retirement.

[4] Section 400.12 does not apply to fire chiefs by itself—it only applies as a continued right. *See* Iowa Code §§ 400.6, .12–.13.

Washburn has never held civil service status under chapter 400 of the Iowa Code. Before she accepted the position as Fire Chief of Davenport, she did not have any Iowa civil service status to retain during her employment as fire chief. While the fire chief civil service statutes provide a mechanism to transfer rights and benefits accrued under Iowa law, no mechanism is provided to transfer foreign jurisdiction status. Washburn, as fire chief, obtained no civil service rights. Consequently, the civil service commission lacks jurisdiction to review her discharge. *See LaPeters*, 263 N.W.2d at 736 ("If [a chief] is appointed from the ranks [the chief] does not lose the civil service rights [the chief] already has. However, [the chief] does not acquire 'any civil service right upon which [the chief] may retain the position of chief.'" (quoting Iowa Code § 400.14)).

Washburn holds no current Iowa civil service status and has never held Iowa civil service status. She had no entitlement to an Iowa civil service position under section 400.13 commensurate to her Illinois civil service status. Without Iowa civil service status, the Commission did not have jurisdiction over her complaint.

**AFFIRMED.**