No. 83-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

CLARE J. JENSEN,

        Petitioner and Respondent,

    -vs-

STATE OF MONTANA, DEPARTMENT OF
LABOR AND INDUSTRY, JOB SERVICE
DIVISION & DAVID HUNTER, Commis-
sioner of the Dept. of Labor,

        Respondents and Appellants.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        R. Scott Currey, Dept. of Labor & Industry,
        Helena, Montana
        Hooks & Budewitz; Patrick Hooks argued, Townsend,
        Montana

    For Respondents:

        Neil G. Jensen argued, Great Falls, Montana

_____

Submitted: June 19, 1984

Decided: October 25, 1984

Filed: OCT 25 1984

*Ethel M. Harrison*
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The Department of Labor and Industry, State of Montana, appeals the judgment of the Cascade County District Court finding the Department must grant the petitioner a veteran's employment preference and appoint him to a manager's job.

The petitioner, Clare Jensen, was hired by the Job Service Division of the Department of Labor and Industry in 1961. When hired, Jensen claimed and received a veteran's preference. On March 12, 1982, the Department issued a vacancy announcement for the position of manager of the Great Falls Job Service Office. Nine persons, including Jensen, applied for the position. Seven were veterans. The Department viewed the filling of the position as an internal promotion. Only internal applications were accepted and veteran's preference, traditionally granted only in initial hire situations, was not considered. On June 16, 1982, a nonveteran, Herbert Waltermire, was chosen to fill the manager position.

On June 16, 1983, this Court issued its decision in Crabtree v. Montana State Library (Mont. 1983), 665 P.2d 231, 40 St.Rep. 963. In Crabtree this Court affirmed the lower court decision of Judge Bennett of the Lewis and Clark County District Court. Judge Bennett ruled on February 14, 1982, that the State's failure to grant a job applicant an absolute preference was in violation of the Veterans and Handicapped Civilians Employment Preference Act (hereinafter "the Act"), section 10-2-201 et seq., MCA. This ruling and our subsequent affirmance held that qualified veterans and disabled civilians are entitled to state employment over nonveteran and nondisabled applicants, thus granting veterans and disabled persons an absolute preference. See Crabtree, supra.

2

On June 21, 1983, Jensen filed a "petition to enforce employment preference." Relying on Crabtree, Jensen claimed that he should have been hired for the position due to his veteran's status.

On September 19, 1983, the District Court issued an order finding that the interpretation of the veteran's preference as announced in Crabtree would be applied to this case. The court determined that the hiring was not an internal department promotion but an appointment within the scope of the preference law.

The District Court concluded that the Department of Labor must appoint Jensen to the manager's job and that the Department must pay the retroactive salary that Jensen would have received from July 1, 1982, plus interest. Judgment was entered on Jensen's claim October 11, 1983.

The legislature repealed the absolute veteran's preference in a special session called for this purpose. The repealing legislation, Senate Bill 2 of the First Special Session of the 1983 Legislature, provided that preference claims that were reduced to judgment prior to December 23, 1983, the effective date of the legislation, were enforceable. The case at bar, therefore, presents a preference claim that was litigated subsequent to our decision in Crabtree and prior to repeal of the old Act.

The appellant Department has raised the following issues:

1. Whether the District Court correctly determined that the Crabtree interpretation of the veteran's preference should be applied to the facts of this case.

2. Whether the District Court was correct in concluding the hiring was an appointment to a job rather than a promotion.

3. Whether the remedy of awarding Jensen the job and backpay was a proper form of relief.


I

The first issue raises the question of retroactive application of our Crabtree decision. Whether or not a judicial interpretation should be applied retroactively is a question guided by the principles enunciated in LaRoque v. State (1978), 178 Mont. 315, 583 P.2d 1059. In LaRoque we followed the factors set forth by the United States Supreme Court in Chevron Oil Company v. Huson (1971), 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296. These considerations are as follows:

(1) The decision to be applied nonretroactively must establish a new principle of law either by overruling precedent or deciding an issue of first impression whose resolution was not clearly foreshadowed;

(2) The rule in question must be examined to determine whether its retroactive application will further or retard its operation; and,

(3) The equity of the retroactive application must be considered.

As to the first consideration, the State argues that Crabtree established a new rule of law in Montana and the decision was not foreshadowed by prior law. Prior to Crabtree, the Act had been interpreted by the Attorney General and administrative agenices as granting a relative, not absolute, preference. Several Attorney General opinions and

4

administrative rules of the Merit System Council are cited in support of appellant's contention. The State argues that since _Crabtree_ overruled the established executive interpretation of the Act, the decision should be applied nonretroactively under the first factor of _LaRoque_ and _Chevron_ _Oil_.

We do not find this argument persuasive. As Jensen noted in the court below and on appeal, _Crabtree_ held that an absolute preference was intended by the enactment of the Act in 1921. The plain and unambiguous language of the Act created an absolute preference that existed from day one of its enactment through its repeal in 1983. Our judicial decision of _Crabtree_ did not create a new principle of law as much as it announced the continuing impact of the statute. The plain language of the Act foreshadowed _Crabtree_.

The second _LaRoque_ consideration can be restated as a question of whether or not the absolute preference rule of _Crabtree_ would be furthered by its retroactive application. Job opportunities for veterans and handicapped, the obvious purpose of the Act, could not be achieved without adherence to the mandates of the preference statute. In the present case the Labor Department did not consider veteran's preference whatsoever in its employment decision. Were _Crabtree_ not applied here, the Department's total disregard for the Act would be condoned. Such an outcome could not further the purpose or operation of the Act.

Finally, the equity of retroactive application of _Crabtree_ should be considered. The State maintains retroactive application would disrupt employment relationships established as long as five years ago; it would harm those who justifiably relied upon established employment

5

procedures. The State argues retroactive application would be particularly inequitable to Herbert Waltermire who will lose his employment if the veteran Jensen is placed in the Great Falls manager position.

In LaRoque we stated that where substantial inequity will result by retroactive application, a ruling of nonretroactivity is proper. A case frequently cited for this proposition is Cipriano v. City of Houma (1969), 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647. In Cipriano the Supreme Court held a decision that a Louisiana statute, giving only property taxpayers the right to vote in bond elections, was unconstitutional and would not be applied retroactively because significant hardships would be imposed on cities, bondholders and others connected with municipal utilities.

In the case at bar, retroactive application is straightforward and does not pose the kind of hardship or complexity presented by Cipriano. Potentially Herbert Waltermire will suffer real hardship by retroactive application of Crabtree. However, our consideration of the equities involved cannot be controlled by the potential impact on one individual. Considering the broad purpose of the Act, its impact on all concerned parties and the ease with which absolute preference can be applied in this case, the balance of equities lies with retroactive application.

Applying the three considerations of LaRoque to the case at hand, we find they do not prevent retroactive application of Crabtree. Accordingly, the decision of the District Court on this issue is affirmed.

II

The District Court concluded that Jensen's hiring constituted an appointment, not a promotion. Hence, the controlling words of the Act "appointment and employment" were triggered and the Act was found applicable.

The State argues that the Act applies only to initial hiring. Since only internal applications were considered by the Department, the State contends Jensen's claim concerns a promotion outside the scope of the Act.

This issue may be decided without determining whether the hiring was an appointment or promotion. The Act expressly covers employment as well as appointment. To give the Act any effect, the hiring of the Great Falls manager position must be construed as employment. We affirm the trial court's conclusion that the Act covered Jensen's claim.

III

Finding that the Act applies to the facts of this case and Jensen was wrongly denied an absolute preference, we must address the propriety of the remedy.

The District Court concluded:

> ". . . the Department must grant the veterans preference to the Petitioner and must appoint Petitioner to the Manager's job. Additionally, in order to provide a complete remedy to the Petitioner, the Court concludes that the Department must pay the retroactive salary that Petitioner would have received from July 1, 1982, plus interest thereon."

The underlying enforcement statute is set forth at section 10-2-206, MCA. It provides in relevant part that "[t]he District Court has jurisdiction upon the proper showings to issue its order directing and ordering the appointing author-

7

ity to comply with this law in giving the preference provided for."

As discussed above, the petitioner Jensen is entitled to an absolute preference. While the District Court has jurisdiction to order a state agency to comply with the law and grant a preference, it does not follow that such court has the additional authority to order an agency to grant the petitioner the job. This relief is not a correct and legal remedy under the statute nor our constitution.

In the Application of O'Sullivan (1945), 117 Mont. 295, 158 P.2d 306, a statutory remedy providing the same relief that Jensen was afforded here was declared unconstitutional. The legislative history of section 10-2-206, MCA, and the O'Sullivan decision must be examined to understand why the present relief is also improper.

When the Act was first enacted in 1921, there was no enforcement or remedy provision. This oversight was correct- ed by the Twenty-fifth Legislative Assembly in 1937 when the original section 5653 was amended. Language setting forth a remedy for aggrieved veterans was added to section 5653. This language with some minor stylistic changes is identical to the contemporary language of section 10-2-206, MCA, in effect during the case at bar. Essentially, there is a procedure set forth for the filing of a petition, show cause hearing, and district court order directing the appointing authority to comply with the law by giving the preference.

However, the legislature strengthened the described remedy in 1943. By amendment (1943 Mont. Laws, Ch. 160), section 5653 was changed giving the district court original jurisdiction to determine whether a preference was proper and to issue an order directing the appointing authority to

employ the veteran and award backpay. This procedure was invoked in 1945 by Emmet O'Sullivan, a veteran of World War I, who had unsuccessfully sought the position of city attorney in Harlowton. The City challenged the constitutionality of the enforcement procedure and this Court declared the amendments of Chapter 160 invalid.

The basis of the O'Sullivan ruling was that section 5653, as amended by Chapter 160, conferred appointment authority upon the judiciary. The Court noted that power of appointment is generally an executive function. The Court found the amendment was also void insofar as it dispensed with due process rights of notice and hearing.

Following O'Sullivan, the legislature in 1947 deleted the strengthened remedy provision and section 5653 was amended to how it read prior to 1943. As noted above, the enforcement provision remained essentially unchanged from this time in 1947 until Senate Bill 2 of the Special Session repealed the Act in December 1983.

In summary, the remedy the District Court granted Jensen was once provided by statute and this Court found the law unconstitutional. The precedent of O'Sullivan controls: the legislature cannot place the power of appointment in the judiciary. Under the enforcement statute and the Constitution, the District Court may order the Department to grant Jensen the veteran's absolute preference. Beyond this statutory relief, the judiciary lacks any power to appoint a particular petitioner to a job.

We have held that Crabtree should be retroactively applied to this hiring. Although Jensen has carried the burden of pressing this legal issue, once the Act is applied, it provides a preference for all preferred persons.

For the foregoing reasons, we vacate that part of the judgment that addresses Jensen's remedy and remand to the District Court with directions to order the Department of Labor and Industry to reopen the manager position to the original applicants, grant Jensen and the other preferred applicants their preference, and otherwise fill the vacancy in accordance with Crabtree.

The judgment is affirmed in part and vacated in part.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

10

Mr. Justice John C. Sheehy and Mr. Justice John C. Harrison, concurring and dissenting:

We concur with the majority opinion except for the remedy provided Jensen. To that portion of the majority opinion we dissent.

Jensen is the only veteran of seven to come to court to enforce his veteran's right to preference. The other six veterans, for whatever reasons, did not seek court redress. Each of them, except Jensen, has thereby acquiesced in what the District Court did.

It was Jensen alone who continued the struggle to achieve what was justly his, a veteran's right to preference. He alone bore the brunt of the battle in court, but he may lose the war if the appointing authority gives the job to some other of the remaining six veterans. We do not see that possible result as fair or required.

Since only Jensen is before this Court, the decision to be made is whether he is entitled to the job over Waltermire. The other veterans, by failing to go to court, have acquiesced in Waltermire's appointment. Jensen should be awarded the fruits of his trial and given the job, with backpay.

_____
                Justice

_____
                Justice

- 11 -

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent.

It is my opinion that the Crabtree interpretation of the Veterans and Handicapped Civilians Employment Preference Act should not be retroactively applied.

In 1934, the Attorney General issued his opinion (15 A.G. Op. 417) that the Act granted a veteran preference only when his qualifications equaled the most qualified non-preferred applicant. In a later opinion (21 A.G. Op. 105), in 1945, the Attorney General construed the preference as absolute, but in a 1949 opinion (23 A.G. Op. 46), the Attorney General found the preference to be not absolute, but to consist only of a certain percentage to be added to the veterans examination grade.

It is clear that the agency charged with administering the Act followed the 1949 Attorney General opinion and interpreted the Act as granting a relative preference. The Crabtree decision, of June 16, 1983, ruling that the preference was absolute, effectively overturned an executive interpretation which had been relied upon for more than thirty-three years by state, county and city agencies.

It is my view that, in effect, a new principle of law was established, which overruled clear past precedent, and the Crabtree decision resolved an issue of first impression whose resolution was not clearly foreshadowed, and therefore, the decision should not be applied retroactively.

L. C. Gulbrandson

_____
Justice

-12-

Mr. Justice Daniel J. Shea, special concurrence:

I join the majority opinion in all respects, although I believe it would have been better to completely open up the application process rather than to leave the job open only to those who applied for it. The job was not advertised with the idea of giving a veteran an absolute preference, and therefore it would be more fair to all concerned to all those who want to apply to do so. Nonetheless, because we have a divided Court on this issue, and I am the only member who would open up the entire application process, I join the opinion to arrive at the necessary four votes. My vote on this issue is necessary to even putting an opinion down and I do not feel it is a travesty of justice to limit the job to those who already have applied for it. If I did so feel I would not join the opinion just to make it a majority opinion.

I also emphasize that the Crabtree decision, is, as is stated in the opinion here, simply an enunciation of the law as it has always existed. There has never been an opinion from this Court contrary to the decision we made in Crabtree. When we decided Crabtree, we did not declare new law.

In his dissent Justice Gulbrandson declares that we did declare new law, because our decision was then contrary to the 1949 Attorney General opinion that interpreted the Veterans' Preference Act as granting only a limited or qualified preference. However, two previous Attorney General opinions came up with mixed results: a 1934 opinion declared that it was a qualified preference, and a 1945 opinion declared it to be an absolute preference. Political expediency was clearly the moving force behind these differing opinions, and this should have been enough notice that the agencies should not have relied on the latest opinion, but instead should have gone to court and obtained a

declaratory judgment. Only then do I believe the agencies would have been justified in relying on an interpretation of the Veteran's Preference Act.

_Daniel J. Shea_
Justice