JUSTICE WEBER
delivered the Opinion of the Court.
In this case, we affirm a decision of the District Court for the First Judicial District, Lewis and Clark County, that the plaintiffs are not entitled to refunds for state taxes paid for the years 1983 through 1988 on their retirement benefits received under the Federal Employees’ Retirement Act.
The issue is whether the opinion of the United States Supreme Court in Davis v. Michigan Department of the Treasury (1989), 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891, should be retroactively applied, entitling the plaintiffs to refunds for taxes paid in previous years.
Plaintiffs are retired federal employees who filed a petition for *439 declaratory relief seeking to have § 15-30-lll(2)(c)(i), MCA (1989), declared unconstitutional. That statute provided that Montana state income tax would be assessed on benefits received under the Federal Employees’ Retirement Act in excess of $3,600. In contrast, under § 19-3-105, MCA (1989), all retirement benefits received under Montana’s Public Employees’ Retirement System were exempt from state and local taxes.
Following the decision of the United States Supreme Court in Davis in March 1989, the District Court adopted the parties’ stipulation to the effect that § 15-30-lll(2)(c)(i), MCA (1989), is invalid for tax years commencing after December 31, 1988. The plaintiffs then moved for summary judgment that Davis should be applied retroactively and that they are entitled to refunds for previous tax years, subject to the statute of limitations. (In Davis, the state had conceded that refunds for previous years would be proper if the court found for plaintiffs.)
Using the factors set forth in LaRoque v. State (1978), 178 Mont. 315, 583 P.2d 1059, the District Court determined that Davis should not be applied retroactively. The court ruled that the Davis decision was neither predictable nor clearly foreshadowed. It decided that retroactive application of Davis would not promote the doctrine of intergovernmental tax immunity because it had already required that, in the future, federal and state retirees must be treated the same. Finally, it stated that adding the cost of refunds to Montana’s budget deficit would be inequitable to the citizens of Montana. Plaintiffs appeal.
Should the United States Supreme Court’s opinion in Davis be applied retroactively, entitling the plaintiffs to refunds for taxes paid in previous years?
We will first review the major elements of the opinion of the United States Supreme Court inDavis. In that case, the plaintiffs challenged a Michigan tax scheme which exempted from state taxation all retirement benefits paid by the state to its retired employees but taxed retirement benefits paid by other employers, including the federal government. The Michigan Court of Appeals upheld the tax scheme, ruling that 4 U.S.C. § Ill did not apply to retirees and that, under a rational basis test, the taxing scheme was not unconstitutional because it furthered the state’s interest in attracting and retaining qualified employees. The Michigan Supreme Court denied *440 leave to appeal. The United States Supreme Court granted certiorari and reversed, holding that the Michigan tax scheme violated the concept of intergovernmental tax immunity.
In delivering the Court’s opinion, Justice Kennedy first disposed of the State’s argument that 4 U.S.C. § Ill applies only to current employees of the federal government. In relevant part, that statute provides:
“The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States ... by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation.”
The Court stated that:
“We have no difficulty concluding that civil service retirement benefits are deferred compensation for past years of service rendered to the Government.” [Citations omitted.] And because these benefits accrue to employees on account of their service to the Government, they fall squarely within the category of compensation for services rendered ‘as an officer or employee of the United States.’ ”
Davis, 489 U.S. at 808, 109 S.Ct. at 1503-04. The Court then went on to conclude that the nondiscrimination clause applies to retirement benefits because retirement benefits are included in “pay or compensation.” Davis, 489 U.S. at 809, 109 S.Ct. at 1504.
The Court next discussed 4 U.S.C. § Ill as a codification of the rule that the doctrine of intergovernmental tax immunity does not prohibit nondiscriminatory state taxation of federal employees. Davis, 489 U.S. at 810-14, 109 S.Ct. at 1505-07. The Court stated that although intergovernmental tax immunity is based on the need to protect each sovereign’s governmental operations from undue influence by the other, private entities or individuals who are subjected to discriminatory taxation on account of their dealings with a sovereign can also receive the protection of the constitutional doctrine. Davis, 489 U.S. at 814-15, 109 S.Ct. at 1507.
The Court then stated that the mode of analysis developed in equal protection cases was “inappropriate” in Davis. Instead, the test is whether the inconsistent tax treatment is related to and justified by significant differences between the two classes. Davis, 489 U.S. at 816, 109 S.Ct. at 1508.
The Court concluded that significant differences were not present *441 and that therefore the tax act in question violated principles of intergovernmental tax immunity. Davis, 489 U.S. at 817, 109 S.Ct. at 1508. The Court remanded the case for further proceedings.
Plaintiffs also direct the Court’s attention to the United States Supreme Court’s opinion in James B. Beam Distilling Co. v. Georgia (1991), 501 U.S._, 111 S.Ct. 2439, 115 L.Ed.2d 481. The opinion in Jim Beam was issued on June 20, 1991, after oral argument in the present case. In Jim Beam, the Court held that it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. Plaintiffs argue that rule is dispositive and the decision in Davis must be applied retroactively here because it was applied retroactively in that case. Both parties submitted supplemental briefs discussing the application of Jim Beam to this case.
When Jim Beam was decided, pending before the Court on applications for certiorari were two cases in which retired federal employees in South Carolina and Virginia seek refunds of state income taxes under theories similar to those argued here. After Jim Beam was decided, the Court granted certiorari in both of those cases, vacated the state court decisions denying refunds, and remanded the cases to the state courts for “further consideration” in light of Jim Beam. Bass v. State of South Carolina (1991),_U.S._, 111 S.Ct. 2881, 115 L.Ed.2d 1047; Harper v. Virginia (1991),_U.S._, 111 S.Ct. 2883, 115 L.Ed.2d 1049.
The fact that the Supreme Court remanded Bass and Harper rather than simply reversing them indicates the Court’s uncertainty as to whether Jim Beam applies to the issue of Davis’ s retroactivity. We conclude that it does not apply. In Davis, the State had conceded that a refund was appropriate if the Court ruled for the appellants. Davis, 489 U.S. at 817, 109 S.Ct. at 1508. Because of that concession, the Court did not consider the issue of whether retroactive application should be granted. We therefore conclude that Davis is not authority for application of its rule retroactively. The underpinnings of the decision in Jim Beam are the doctrine of stare decisis and the principle of equality to all similarly situated litigants. Jim Beam, 111 S.Ct. at 2446. Because Davis did not rule upon the issue of retroactivity, we conclude that the doctrine of stare decisis does not apply. We conclude that the principle of equality or equal treatment to similarly situated litigants does not require that all future litigants, including the litigants in the present case, are bound by the stipulation of the State of Michigan in Davis.
We now consider whether retroactive application of the law set *442 forth in Davis is appropriate in this case. In Chevron Oil v. Huson (1971), 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296, the United States Supreme Court recognized three factors to be considered before a rule of nonretroactive application of a judicial decision is adopted. Those factors are 1) whether the decision establishes a new principle of law either by overruling established precedent on which litigants have relied, or by deciding an issue of first impression whose resolution was not foreshadowed, thereby leading to the conclusion that the decision should not be applied retroactively; 2) whether retroactive application will further or retard operation of the rule in question; and 3) whether substantial inequity will result from retroactive application. Chevron, 404 U.S. at 106-07, 92 S.Ct. at 355. Use of these three factors was adopted by this Court in LaRoque, 583 P.2d at 1061.
Plaintiffs argue that the result in Davis was clearly foreshadowed under the long-standing principle of intergovernmental tax immunity and as a logical extension of the Court’s decisions in a series of cases. However, as the State points out, the holding in Davis required three extensions of prior law. We will examine all three extensions of prior law to determine if each extension was clearly foreshadowed by previous cases.
In its first extension, the Davis Court pointed out that while retirement pay is not actually disbursed dining the time an individual is working for the government, the amount of benefits to be received in retirement are based and computed upon the individual’s salary and years of service. The Court “had no difficulty” concluding that civil service retirement benefits are deferred compensation for past years of service and therefore fall within the category of compensation for services rendered as an officer or employee of the United States. As authority for that conclusion, three federal circuit cases were cited. Davis, 489 U.S. at 808, 109 S.Ct. at 1503-04.
In its Davis holding, the Michigan Court of Appeals rejected the contention that 4 U.S.C. § 111 invalidated the Michigan tax, noting that the statute applied only to federal “employees.” Then the Michigan court determined that the appellants’ status under federal law in Davis was that of an “annuitant,” rather than as an employee, and that, as a result, 4 U.S.C. § 111 had no application. The logical determination by the Michigan court together with the action of other states which used tax schemes like Michigan’s and Montana’s, suggest there is a significant question of foreshadowing the application of 4 U.S.C. § 111.
The second extension of prior law took place when the Court *443 established the connection between the doctrine of intergovernmental tax immunity and the protection against discriminatory taxation of individuals under 4 U.S.C. § Ill. Plaintiffs argue that the doctrine of intergovernmental tax immunity had been extended to protect individuals at least since the decision in Phillips Chemical Co. v. Dumas Independent School Dist. (1960), 361 U.S. 376, 80 S.Ct. 474, 4 L.Ed.2d 384. But the Davis language addressing the relationship between intergovernmental tax immunity and 4 U.S.C. § Ill clearly breaks new ground:
“[I]t is reasonable to conclude that Congress drew upon the constitutional doctrine [of intergovernmental tax immunity] in defining the scope of the immunity retained in § Ill .... Hence, we conclude that the retention of immunity in § Ill is coextensive with the prohibition against discriminatory taxes embodied in the modern constitutional doctrine of intergovernmental tax immunity.”
Davis, 489 U.S. at 813, 109 S.Ct. 1506. The conclusion that the protection against discriminatory taxation retained under 4 U.S.C. § Ill is coextensive with the protection under the doctrine of intergovernmental tax immunity represented an extension of prior law.
The third extension of prior law made in Davis follows from the first two extensions. In determining whether the state tax discriminated against federal employees, the Court decided that a “significant difference” standard should be used rather than one of the standards typically applied in equal protection cases. As plaintiffs point out, a “significant difference” standard had been used in matters involving intergovernmental tax immunity. See Phillips, 361 U.S. at 387, 80 S.Ct. at 481. However, in taxation cases in which equal protection is at issue, the Court had used as a standard the reasonableness of the classification. See Lehnhausen v. Lake Shore Auto Parts Co. (1973), 410 U.S. 356, 359-60, 93 S.Ct. 1001, 1003-4, 35 L.Ed.2d 351, 355. Until the Court determined in Davis that retirement benefits are protected under 4 U.S.C. § 111 and that the protections under that statute are coextensive with those provided under the doctrine of intergovernmental tax immunity, the standard of analysis was not clear.
The majority opinion in Davis clearly describes the Michigan view which rejected the contention that the doctrine of intergovernmental tax immunity rendered the Michigan tax unconstitutional as follows:
“The Michigan Court of Appeals next rejected appellant’s contention that the doctrine of intergovernmental tax immunity rendered the state’s tax treatment of federal retirement benefits *444 unconstitutional. Conceding that ‘a tax may be held invalid ... if it operates to discriminate against the federal government and those with whom it deals,’... the court examined the State’s justifications for the discrimination under a rational-basis test. Ibid. The Court determined that the State’s interest in ‘attracting and retaining ... qualified employees’ was a ‘legitimate state objective which is rationally achieved by a retirement plan offering economic inducements,’ and it upheld the statute.”
Davis, 489 U.S. at 807, 109 S.Ct. at 1503. Using an equal protection analysis, the Michigan court concluded that the legitimate Michigan objective was a rational reason for the discrimination. That of course is directly contradictory to the conclusion reached in Davis, where the Supreme Court concluded that an equal protection analysis was not applicable and used a different standard. The critical significance of the standard of analysis is plain from the following passage from the Court’s opinion:
“The State points to two allegedly significant differences between federal and state retirees. First, the State suggests that its interest in hiring and retaining qualified civil servants through the inducement of a tax exemption for retirement benefits is sufficient to justify the preferential treatment of its retired employees. This argument is wholly beside the point, however, for it does nothing to demonstrate that there are ‘significant differences between the two classes’ themselves; rather, it merely demonstrates that the State has a rational reason for discriminating between two similar groups of retirees. The State’s interest in adopting the discriminatory tax, no matter how substantial, is simply irrelevant to an inquiry into the nature of the two classes receiving inconsistent treatment.” (Emphasis supplied.) Davis, 489 U.S. at 816, 109 S.Ct. at 1508. Thus, while it appears that the State of Michigan’s tax statutes would have been constitutional under an equal protection analysis, the tax statutes could not pass the “significant difference” test which the Court concluded must be applied.
In his dissent in Davis, Justice Stevens distinguished Phillips, upon which the majority relied as precedent for use of the “significant difference” standard. In Phillips, the tax was imposed only on lessees of federal property. Justice Stevens stated that:
“The States can tax federal employees or private parties who do business with the United States so long as the tax does not discriminate against the United States ... The Court today strikes down a state tax that applies equally to the vast majority of Michigan *445 residents, including federal employees, because it treats retired state employees differently from retired federal employees. The Court’s holding is not supported by the rationale for the intergovernmental immunity doctrine and is not compelled by our previous decisions. I cannot join the unjustified, court-imposed restriction on a State’s power to administer its own affairs.
"... When the tax burden is shared equally by federal agents and the vast majority of a State’s citizens, however, the nondiscrimination principle is not applicable and constitutional protection is not necessary.
“The Michigan tax here applies to approximately 4V2 million individual taxpayers in the State, including the 24,000 retired federal employees. It exempts only the 130,000 retired state employees. Once one understands the underlying reason for the McCulloch [v. Maryland, 4 Wheat 316, 4 L.Ed. 579 (1819)] holding, it is plain that this tax does not unconstitutionally discriminate against federal employees.”
Davis, 489 U.S. at 818-21, 109 S.Ct. at 1509 -11. Injustice Stevens’ view the Court’s holding is not supported by the rationale for the intergovernmental tax immunity doctrine and is not compelled by the Supreme Court’s previous decisions. Under the established equal protection analysis, the Michigan tax scheme appeared constitutional, but it failed the “significant difference” test which the Court applied. Applying the first factor under Chevron to this aspect, it appears that Davis did establish a new principle of law.
Plaintiffs further argue that the issue of whether the Davis decision was foreshadowed is controlled by this Court’s opinion in Jenson v. State Dept. of Labor and Industry (1984), 213 Mont. 84, 689 P.2d 1231, aff’d after remand, 221 Mont. 42, 718 P.2d 1335. In Jenson, the issue was whether this Court’s opinion in Crabtree v. Montana State Library (1983), 204 Mont. 398, 665 P.2d 231, was foreshadowed. This Court held that Crabtree did not create any new law because it simply was stating the plain language of the Veteran’s Preference Act. Jenson, 689 P.2d at 1233. Plaintiffs argue that in Davis the Court simply was stating the plain language of 4 U.S.C. § 111.
However, in Davis, as the State has pointed out, there was an additional step. 4 U.S.C. § 111 prohibits discriminatory taxation of “pay or compensation” received from the federal government. The Court held that federal retirement benefits were included in “pay or compensation” so that 4 U.S.C. § 111 applied. Davis, 489 U.S. at 808. In Crabtree, the Court was not faced with a comparable preliminary issue of whether the statute was applicable to the case at hand.
*446 We conclude that this Court’s opinion in Jenson does not control as to whether Davis was foreshadowed. Further, because the Davis opinion required at least three extensions of previous law as discussed above, we hold that the result was not clearly foreshadowed.
The second element of the Chevron test is whether retroactive application will further or retard operation of the rule in question. The District Court stated that it could not “see how a retroactive application of the Davis decision would in any way promote” the concept of intergovernmental tax immunity. Plaintiffs argue that “the state’s total disregard for 4 U.S.C. § 111 would be condoned if Davis is not applied retroactively.”
Because we have concluded that the decision in Davis was not foreshadowed, the plaintiffs’ assertion that the tax imposed was illegal is an overstatement. The taxation scheme was not “illegal” until the Davis decision was issued, and the tax has not been imposed since that time. We conclude that refunds, as a result of retroactive application of Davis, would not promote the concept of intergovernmental tax immunity.
In considering the third factor under Chevron, the District Court concluded that equity directed that refunds not be made due to the financial burden on the citizens of the State of Montana. Plaintiffs argue that equity favors making refunds because it is Montana’s public policy to provide refunds of illegally collected taxes. But, as we have discussed above, taxes collected before the opinion in Davis were not illegally collected taxes.
4 U.S.C. § Ill was enacted in 1939. Between that time and the date of the Davis decision, twenty-two other states enacted and used tax plans much like Montana’s, giving tax advantages to state retirees over other retirees. We conclude that, in view of the acceptance and usage of similar tax plans for approximately 50 years, it would be inequitable to provide refunds to federal retirees when those refunds would of necessity be made at the expense of all Montana taxpayers.
After considering the three factors set out in Chevron, we conclude that the District Court did not err in concluding that Davis should not be applied retroactively. We therefore hold that the court did not err in ruling that the plaintiffs are not entitled to tax refunds for the years 1983 through 1988.
CHIEF JUSTICE TURNAGE and JUSTICES McDONOUGH, L.C. GULBRANDSON, Retired, sitting in for JUSTICE HARRISON, and C.B. McNEIL, District Judge, Retired, sitting in for JUSTICE HUNT concur.