JUSTICE TRIEWEILER,
dissenting:
I dissent from the majority opinion in its entirety.
I concur with that part of Justice Gray’s opinion which concludes that the case of Davis v. Michigan Department of Treasury (1989), 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891, should be applied retroactively based upon the three-prong test set forth in Chevron Oil Company v. Huson (1971), 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296.
Contrary to the majority’s argument, the result in Davis was clearly foreshadowed by the plain language of 4 U.S.C. § 111 and by the Supreme Court’s prior decisions in Phillips Chemical Company v. Dumas Independent School District (1960), 361 U.S. 376, 387, 80 S.Ct. 474, 481, 4 L.Ed.2d 384, 391-92, and Memphis Bank and Trust Company v. Garner (1983), 459 U.S. 392, 397 n. 7, 103 S.Ct. 692, 696 n. 7, 74 L.Ed.2d 562, 567 n. 7.
As pointed out by the Supreme Court in Davis:
“When the first part of § Ill is read together with the nondiscrimination clause, the operative words of the statute are as follows: The United States consents to the taxation of pay or compensation ... if the taxation does not discriminate ... because of the source of the pay or compensation.’ ”
Davis, 489 U.S. at 809, 109 S.Ct. at 1504, 103 L.Ed.2d at 901.
*453 Retirement benefits are clearly deferred compensation. Therefore, I cannot comprehend how 4 U.S.C. § Ill could be construed any way other than the manner in which it was construed in Davis. As pointed out in Justice Gray’s dissent, we have previously held in Jensen v. State Department of Labor and Industry (1984), 213 Mont. 84, 689 P.2d 1231, that the plain language of a statute is sufficient to foreshadow a judicial decision which applies that statute. I cannot think of a clearer example of that being the case than the United States Supreme Court’s application of 4 U.S.C. § 111 in Davis.
The majority opinion is a nearly verbatim adoption of the Department of Revenue’s strained rationale that Davis was not foreshadowed because it resulted in three extensions of prior law. However, that same argument was made by the State of Michigan in Davis and in each respect was refuted by the eight out of nine Supreme Court Justices who subscribed to the majority opinion in Davis. The fact that this Court would then ignore the majority opinion and subscribe to the Department of Revenue’s argument on the basis of the lone dissent, is at best a peculiar way to apply controlling United States Supreme Court precedent.
Having pointed out that I agree with Justice Gray’s thorough analysis of the Chevron test for retroactivity, and concluding that that test requires retroactive application of Davis, I do not feel that it is necessary to apply the Chevron analysis.
The United States Supreme Court has recently gone even further to make clear that the result arrived at by the majority in this case is incorrect.
In James B. Beam Distilling Company v. Georgia (1991), _U.S._, 111 S.Ct. 2439, 115 L.Ed.2d 481, the United States Supreme Court dealt with a similar issue regarding retroactivity.
In the Beam case, the Court was asked to decide whether its decision in Bacchus Imports, Ltd. v. Dias (1984), 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200, should apply retroactively to claims based on facts which preceded that decision. The effect of the Bacchus decision was to hold that state laws which imposed an excise tax on imported alcoholic beverages at a rate greater than those imposed on alcoholic beverages manufactured within that state violated the Commerce Clause of the United States Constitution. Following the Bacchus decision, the petitioner in Beam claimed that Georgia’s law amounted to the same violation, and, on that basis, sought a refund of the taxes it had previously paid in the years 1982,1983, and 1984. The state courts in Georgia, however, refused to apply Bacchus for *454 the years in question based upon their analysis of Chevron Oil Company v. Huson (1971), 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296. In other words, the Supreme Court in Georgia applied the same rationale in Beam to deny a refund that the majority relies on in this case to deny a refund to the plaintiffs.
Beam sought a writ of certiorari. The United States Supreme Court granted Beam’s petition and reversed the Supreme Court of Georgia on June 20, 1991. [1]
In arriving at its decision, the Supreme Court concluded that unless it specifies that its decisions are prospective only, they are to be applied retroactively. It furthermore stated that where its decisions are applied retroactively to one set of litigants, they must be applied retroactively to similarly situated persons who are not barred procedurally from asserting their rights. Particularly relevant to this case was the Court’s holding that its decision limits the possible applications of the Chevron Oil analysis. The Supreme Court stated in part as follows:
“Questions of remedy aside, Bacchus is fairly read to hold as a choice of law that its rule should apply retroactively to the litigants then before the Court. Because the Bacchus opinion did not reserve the question whether its holding should be applied to the parties before it... it is properly understood to have followed the normal rule of retroactive application in civil cases ... . Because the court in Bacchus remanded the case solely for consideration of the pass-through defense, it thus should be read as having retroactively applied the rule there decided. See also Williams v. Vermont, 472 U.S. 14, 28, 105 S.Ct. 2465, 2474, 86 L.Ed.2d 11 (1985); Exxon Corp. v. Eagerton, 462 U.S. 176, 196-197, 103 S.Ct. 2296, 2308-2309, 76 L.Ed.2d 497 (1983); cf. Davis v. Michigan Department of Treasury, 489 U.S. 803, 817, 109 S.Ct. 1500, 1508, 103 L.Ed.2d 891 (1989). Beam,_U.S. at_, 111 S.Ct. at 2445-46, 115 L.Ed.2d at 490-91.”
It is significant that the Supreme Comb actually cited Davis for the principle of retroactivity. The Court then went on to add:
“Bacchus thus applied its own rule, just as if it had reversed and remanded without further ado, and yet of course the Georgia courts *455 refused to apply that rule with respect to the litigants in this case. Thus, the question is whether it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equality and stare decisis here prevailing over any claim based on a Chevron Oil analysis.
“... To this extent, our decision here does limit the possible applications of the Chevron Oil analysis, however irrelevant Chevron Oil may otherwise be to this case. Because the rejection of modified prospectivity precludes retroactive application of a new rule to some litigants when it is not applied to others, the Chevron Oil test cannot determine the choice of law by relying on the equities of the particular case. Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application.
"... [W]hen the Corut has applied a rule of law to the litigants in one case, it must do so with respect to all others not barred by procedural requirements or res judicata.” [Citations omitted.]
Beam,_U.S. at_,_, 111 S.Ct. at 2446, 2447-48, 115 L.Ed.2d at 491, 493.
The majority concludes that Beam is not applicable to this case because the Supreme Court did not apply Davis retroactively. It was applied retroactively, based on the stipulation of the parties to that case. However, that reasoning ignores Justice Scalia’s concurring opinion which was joined in by Justice Marshall and Justice Black-mun to the effect that both “selective prospectivity” and “pure prospectivity” are beyond the power of the Court. The implication, as far as those Justices were concerned, is that Davis could not have been applied prospectively even if the parties had not agreed to apply it retroactively. Beam,_U.S. at_, 111 S.Ct. at 2450-51, 115 L.Ed.2d at 496-97 (Justice Scalia, concurring). The majoritys conclusion ignores Justice O’Connor’s dissenting opinion wherein she states that the Beam decision “seriously curtails the Chevron Oil inquiry.” Beam,_U.S. at_ 111 S.Ct. at 2452, 115 L.Ed.2d at 499 (Justice O’Connor, dissenting). Finally, the majoritys reasoning ignores the fact that eight days after Beam was decided, the United States Supreme Court granted petitions for certiorari to retired federal employees in South Carolina and Virginia who sought retroactive application of the Davis decision under circumstances identical to the circumstances in this case. In those cases, the Supreme Courts of South Carolina and Virginia rendered decisions similar to the holding *456 of the majority in this case. See Bass v. State (1990), 302 S.C. 250, 395 S.E.2d 171; Harper v. Virginia Dept. of Taxation (1991), 241 Va. 232, 401 S.E.2d 868. Both of those decisions were vacated by the United States Supreme Court, and both were remanded to the state courts for “further consideration in light of James B. Beam Distilling Company v. Georgia.” Bass v. South Carolina (1991),_U.S._, 111 S.Ct. 2881, 115 L.Ed.2d 1047 (mem.); Harper v. Virginia Dept., of Taxation (1991),_U.S._, 111 S.Ct. 2883, 115 L.Ed.2d 1049 (mem.).
It does not seem to me that the intent of the Supreme Court to apply Davis retroactively could be any clearer. The majority’s opinion merely postpones the inevitable and unnecessarily prolongs the delusion of state government that it can continue to spend money which was illegally collected and which it will ultimately have to repay.
As far as I am concerned, the issue involved in this case is a simple one. The State took the petitioners’ money illegally. That fact is obvious from the plain language of 4 U.S.C. § 111. If a private citizen took someone’s money illegally, he or she would be forced to give it back. The State ought to do the same.
The majority talks about equity. What is equitable about allowing the State, with all its power, to illegally seize someone’s property and then, after being told what it did was illegal, allowing the State to keep it?
The majority’s strained rationale regarding the foreseeability of Davis is transparent. When the State of Montana establishes a policy of arbitrarily treating one group of taxpayers differently than another group that is similarly situated, it is certainly foreseeable that what the State is doing is illegal.
The majority’s conclusion about how to best effectuate the purpose of the Davis decision is similarly illogical. The purpose of the Davis decision was to assure that federal employees are treated the same as state employees. How can that purpose possibly be furthered by allowing the State to keep the money that was illegally taken from federal employees and spend it for the benefit of citizens who were not similarly taxed?
The majority’s decision is clearly a result-oriented decision arrived at for the purpose of protecting the State’s coffers. However, the State’s coffers are not the responsibility of this Court. The rights of this state’s citizens are.
For the reasons set forth above, the State of Montana can take little comfort in the temporary reprieve granted by this decision.

 This case was argued to the Montana Supreme Court on May 7,1991. At the time of oral argument, both parties advised this Court of the pending Beam case and agreed that the United States Supreme Court’s decision in that case could be dispositive of the issue in this case.