THOMAS AQUINO vs. CIVIL SERVICE COMMISSION.

No. 92-P-92.

Suffolk. February 17, 1993. - May 26, 1993.

Present: PERRETTA, IRELAND, & GREENBERG, JJ.

*Civil Service*, Promotion. *Veteran.*

Discussion of the statutory scheme found in G. L. c. 31, governing original and promotional appointments under the civil service system, including the veterans' preference, G. L. c. 31, § 26. [539-540]

The Massachusetts veterans' preference in certain types of civil service employment set forth in G. L. c. 31, § 26, is limited to original appointments and does not extend to provisional promotions. [540-542]

CIVIL ACTION commenced in the Superior Court Department on June 1, 1990.

The case was heard by *Robert Malcolm Graham*, J.

*James P. McDonagh* for the plaintiff.

*Peter Sacks*, Assistant Attorney General, for the defendant.

IRELAND, J. This appeal raises the question whether the Massachusetts veterans' preference in provisional civil service appointments, G. L. c. 31, § 26, applies to provisional promotions or is limited to original provisional appointments only. The plaintiff argues that the veterans' preference is a lifelong entitlement, which continues throughout an employee's State service and applies to both original provisional appointments and provisional promotions. The Civil Service Commission (commission) argues that the benefit is limited to original provisional appointments, and does not extend to provisional promotions. We agree with the commission and affirm.

The facts are not in dispute. The plaintiff, a veteran, was provisionally employed by the Department of Environmental

Protection (DEP) in the position of Environmental Analyst I. After receiving the benefit of the veterans' preference under G. L. c. 31, § 26, to obtain this position, he applied for the positions of Environmental Analyst II and III, and again sought the benefit of veterans' preference. The DEP declined to grant him the preference, and he was not promoted. Pursuant to G. L. c. 31, § 2(*b*), he then appealed to the commission, which also ruled against him on the basis that the veterans' preference applied only to provisional appointments and not to provisional promotions. He sought review in the Superior Court, which affirmed the commission. He now appeals from the judgment.

Original and promotional appointments under the civil service system are made from a list of persons who have met the requirements for eligibility. G. L. c. 31, §§ 6-8. When there are no eligible persons available for a position, the statute provides for provisional appointments, which are " 'permitted only in what are supposed to be exceptional instances' which will end when a list of eligibles becomes available. G. L. c. 31, §§ 12-14." *Fall River* v. *Teamsters Union, Local 526*, 27 Mass. App. Ct. 649, 651-652 (1989), quoting from *McLaughlin* v. *Commissioner of Pub. Works*, 304 Mass. 27, 29 (1939).

The veterans' preference is a legislatively created mechanism under which veterans receive a preference over non-veterans in certain types of civil service employment. See generally *Ransom* v. *Boston*, 192 Mass. 299, 304 (1906). Section 26, as inserted by St. 1978, c. 393, § 11, governing the veterans' preference, provides, in pertinent part, the following:

> "The names of persons who pass examinations for original appointment to any position in the official service shall be placed on eligible lists in the following order: (1) disabled veterans, in the order of their respective standings; (2) veterans, in the order of their respective standings; (3) widows or widowed mothers of veterans who were killed in action or died from a service connected disability incurred in wartime service, in the order of their respective standings; (4) all others, in the

order of their respective standings. Upon receipt of a requisition, names shall be certified from such lists according to the method of certification prescribed by the rules.

. . . .

"An appointing authority shall appoint a veteran in making a provisional appointment under section twelve, unless such appointing authority shall have obtained from the administrator a list of all veterans who, within the twelve months next preceding, have filed applications for the kind of work called for by such provisional appointment, shall have mailed a notice of the position vacancy to each of such veterans and shall have determined that none of such veterans is qualified for or is willing to accept the appointment."

Both promotions which the plaintiff sought were provisional.

The plaintiff argues that G. L. c. 31, § 26, the sole source of civil service preference for veterans, does not limit the veterans' preference to original entry into the civil service system. He argues that § 12, to which § 26 refers, is not limited to original entry appointments, and that, therefore, § 26 cannot be so limited. The plaintiff further submits that the judge erred in failing to determine whether he was qualified for the position he sought. We do not agree with the plaintiff's construction of the statute.

Applying the principles of statutory interpretation, see, e.g., G. L. c. 4, § 6, Third; *Commonwealth* v. *Brooks*, 366 Mass. 423, 428 (1974); *Polaroid Corp.* v. *Commissioner of Rev.*, 393 Mass. 490, 497 (1984), we construe the language of § 26 to limit the veterans' preference to original appointments. The opening sentence of the section explicitly refers to "persons who pass examinations for *original appointment*" (emphasis added). The second paragraph of § 26 refers to the "preference provided for in this section," referencing the express language of the first paragraph. The fifth paragraph of § 26, quoted *supra*, provides for appointment of a veteran in provisional "appointment[s] under section twelve," i.e., ap-

pointments made when a suitable list of eligible persons who have passed a civil service examination for the position does not exist.[1] Nothing in § 26 refers to a veterans' preference in promotions.

Because § 26 makes no reference to promotions, the well-known maxim expressio unius est exclusio alterius, the expression of one thing is the exclusion of another, applies. See, e.g., *Harborview Residents' Comm., Inc.* v. *Quincy Hous. Authy.*, 368 Mass. 425, 432 (1975); *City Council of Boston* v. *Mayor of Boston*, 24 Mass. App. Ct. 663, 666 n.12 (1987). The use of the term "original appointment" without any reference to "promotion" implies the exclusion of the latter. We do not employ this principle, however, if its application frustrates the general purposes of the legislation. *Harborview Residents' Comm., Inc.*, 368 Mass. at 432. Here, the application of the maxim is in harmony with the purpose of G. L. c. 31, § 26, which is to provide a preference to veterans who pass examinations and are otherwise eligible for appointment to the civil service. *Ransom* v. *Boston*, 192 Mass. at 304. This construction is consistent with a policy that prefers veterans in hiring, but does not favor them once they have obtained civil service employment.

Nevertheless, the plaintiff maintains that he was seeking a provisional appointment, not a provisional promotion. The ordinary meaning of the word "appointment" is "[t]he act of appointing or designating for an office or position"; "promotion" is commonly defined as an "advancement in rank or responsibility." The American Heritage Dictionary (3d ed. 1992). When we apply the common definitions of the terms, it is clear that the plaintiff was seeking a promotion, not an original appointment. The very titles of the positions are also instructive. The plaintiff occupied the position of Environmental Analyst I and sought the position of Environmental

---

[1]Section 12 is similarly silent on the issue of provisional promotions. Moreover, G. L. c. 31, § 15, as inserted by St. 1978, c. 393, § 11, which permits an appointing authority to "make a provisional promotion of a civil service employee in one title to the next higher title in the same departmental unit" makes no reference to veterans' preference.

Analyst II or III. All three positions are part of the "Environmental Analyst Series,"[2] which includes positions of Environmental Analyst from levels I-VI. There are duties common to all levels in the series, with increasing responsibilities given to the higher level jobs. There was an attendant increase in salary. In light of these factors, we conclude that the position the plaintiff sought was an advancement in both rank and responsibility, and consequently, a promotion. From our review of G. L. c. 31, the veterans' preference does not extend to provisionally employed veterans seeking provisional promotions to higher positions.

*Judgment affirmed.*

---

[2]A "series" is defined by the civil service statute as a "vertical grouping of related titles so that they form a career ladder." G. L. c. 31, § 1, as inserted by St. 1978, c. 393, § 11.