EDWARD PROVENCAL vs. POLICE DEPARTMENT OF
WORCESTER & another.[1]

Worcester. December 7, 1995. - September 25, 1996.

Present: LIACOS, C.J., ABRAMS, O'CONNOR, GREANEY, & FRIED, JJ.

*Public Employment,* Demotion. *Police,* Demotion. *Veteran.*

The sixth paragraph of G. L. c. 31, § 26, affords preferential treatment to
disabled veterans in reference only to layoff from employment but not in
reference to demotion from position, and the Civil Service Commission
correctly concluded that a disabled veteran's right under the statute to
be "retained in employment" did not mean or include retention in a
specific position. [628-630]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 17, 1993.

The case was heard by *Daniel F. Toomey,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Peter B. Clifford* for the plaintiff.

*Leo T. Sorokin,* Assistant Attorney General, for Civil Ser-
vice Commission.

*Steven Mourginis,* Assistant City Solicitor, for the Police
Department of Worcester.

O'CONNOR, J. This is an appeal from an order entered in
the Superior Court affirming a decision of the defendant Civil
Service Commission (commission) upholding the Worcester
police department's (department) demotion of the plaintiff,
Edward Provencal, a qualified disabled veteran, see G. L.
c. 31, § 1 (1994 ed.), from sergeant to patrolman. The issue
on appeal is whether the sixth paragraph of G. L. c. 31, § 26
(1994 ed.), which provides, "A disabled veteran shall be
retained in employment in preference to all other persons,
including veterans," affords preferential treatment to disabled

---

[1]Civil Service Commission.

veterans in reference only to layoff or in reference to demotion as well.

In 1977, the department hired the plaintiff as a police officer. The plaintiff was promoted to sergeant in 1985 and he is a tenured employee. Due to lack of funds, the department's budget for fiscal year 1992 was significantly reduced, requiring the department to streamline its work force. On May 22, 1991, the department informed by letter twenty-nine sergeants, including the plaintiff, that because of lack of funding for their positions the department was recommending that they be laid off from their positions and they were entitled to a hearing to determine whether the department had just cause for that decision. The letter offered as an alternative "demotion to a lower title in the labor service in your department if there is an employee in a lower title with less seniority" in lieu of "being laid off." The plaintiff rejected the demotion alternative and notified the department of his status as a disabled veteran.

On May 31, the department sent a revised letter to the plaintiff informing him of a hearing to determine whether the department had just cause for its recommendation to demote the plaintiff because of lack of funds. The letter did not mention layoff. After a hearing pursuant to G. L. c. 31, § 41 (1994 ed.), the department notified the plaintiff that he would be demoted from sergeant to patrolman effective June 30, 1991.

The plaintiff appealed to the commission. After a hearing before an administrative magistrate of the Division of Administrative Law Appeals, the magistrate recommended that the commission not demote the plaintiff before demoting all the nondisabled veterans. The commission, with one member dissenting, rejected this recommendation. When the plaintiff was demoted, the officers remaining in the position of sergeant were nondisabled veterans with more seniority than the plaintiff had.

The plaintiff filed a complaint for judicial review of the commission's decision with the Appeals Court pursuant to G. L. c. 31, § 44, as amended by St. 1991, c. 138, § 113. By order dated November 24, 1992, a single justice of this court ordered this case and several others transferred to the Superior Court in the county of origin. This case was transferred to Worcester Superior Court. A Superior Court

judge entered the following order: "Because the appellant was not separated from 'Employment,' he was not entitled to the veteran's preference established by G. L. c. 31, § 26, and his separation from his 'position' was consistent with the seniority based standards established by G. L. c. 31, § 39. See *Aquino* v. *Civil Service Comm'n*, 34 Mass. App. Ct. 538 (1993). Accordingly, the decision of the Civil Service Commission is Affirmed." Although the plaintiff was reinstated to his sergeant position on February 23, 1992, he appealed from the judge's order. He seeks reimbursement for his loss of pay during the period of demotion. We transferred the appeal to this court on our own initiative.

As we said at the outset of this opinion, the issue on appeal is whether the language in G. L. c. 31, § 26, stating that "[a] disabled veteran shall be retained in employment in preference to all other persons, including veterans" provides preferential treatment to disabled veterans in reference to demotion as well as to layoff. We conclude, as did the Superior Court judge and the commission, that the statutory words, "retained in employment" refer to a continuing employer-employee relationship, that is, a relationship between a person performing a service for another for pay and the payor, and does not refer to an employee's continuation in a particular job or position.

The key to the correct interpretation of the provision of G. L. c. 31, § 26, that is in question, we think, is G. L. c. 31, § 39, the first two paragraphs of which we set forth:

"Section 39. If permanent employees in positions having the same title in a departmental unit are to be separated from such positions because of lack of work or lack of money or abolition of positions, they shall, except as hereinafter provided, be separated from employment according to their seniority in such unit and shall be reinstated in the same unit and in the same positions or positions similar to those formerly held by them according to such seniority, so that employees senior in length of service, computed in accordance with section thirty-three, shall be retained the longest and reinstated first. Employees separated from positions under this section shall be reinstated prior to the appointment of any other applicants to fill such positions or similar positions,

provided that the right to such reinstatement shall lapse at the end of the ten-year period following the date of such separation.

"Any action by an appointing authority to separate a tenured employee from employment for the reasons of lack of work or lack of money or abolition of positions shall be taken in accordance with the provisions of section forty-one. Any such employee who has received written notice of an intent to separate him from employment for such reasons may, as an alternative to such separation, file with his appointing authority, within seven days of receipt of such notice, a written consent to his being demoted to a position in the next lower title or titles in succession in the official service or to the next lower title or titles in the labor service, as the case may be, if in such next lower title or titles there is an employee junior to him in length of service. As soon as sufficient work or funds are available, any employee so demoted shall be restored, according to seniority in the unit, to the title in which he was formerly employed."

Chapter 31, § 39, does not directly deal with disabled veteran preferences, but it does strongly suggest that in c. 31 the Legislature did not use the words "position" and "employment" interchangeably, but attributed distinct meanings to them. According to the first paragraph of § 39, if permanent employees "in positions having the same title in a departmental unit are to be *separated from such positions* because of lack of work or lack of money or abolition of positions, they shall, *except as hereinafter provided,* be *separated from employment* according to their seniority" (emphasis added). The second paragraph provides in relevant part: "Any action by an appointing authority to *separate a tenured employee from employment* for the reasons of lack of work or lack of money or abolition of positions shall be taken in accordance with the provisions of section forty-one. Any such employee who has received written notice of an intent to *separate him from employment* for such reasons may, as an alternative to such separation, file with the appointing authority . . . a written consent to his being demoted to a position in the next lower title or titles in succession in the official service or to the next

lower title or titles in the labor service . . ." (emphasis added). The legislative scheme is that, if a permanent employee is to be separated from his position because there is not enough work or money to justify his continuance therein, he or she shall be separated, not just from the position, but from his other employment relationship with, in this case, the department, unless, as provided in the second paragraph, he or she accepts demotion as an alternative. Whenever the alternative is accepted, the employee is "retained in employment" but not in his or her position. We conclude that in the Legislature's collective mind, for the purposes of G. L. c. 39, including § 26, "retained in employment" does not mean or include retention in a specific position. The provision at issue in § 26 refers to disabled veterans being kept on the payroll in preference to others. It does not refer to a preference with respect to demotion.

The order entered in the Superior Court affirming the decision of the commission is affirmed.

*So ordered.*